**EL-EM BAND OF POMO INDIANS OF the SULPHUR BANK RANCH-ERIA, et al., Plaintiffs,**

v.

**49TH DISTRICT AGRICULTURAL FAIR ASSOCIATION, dba Lake County Fair, et al., Defendants.**

No. C-70-536.

United States District Court, N. D. California.

May 10, 1973.

William P. Lamb, California Indian Legal Service, Berkeley, Cal., for plaintiffs.

Denis Smage, Deputy Atty. Gen., State of California, Sacramento, Cal., for defendants.

ORDER AND JUDGMENT

RENFREW, District Judge.

On March 12, 1970, plaintiffs, an unincorporated association of American In-

dians living on a federal Indian reservation in Lake County, California, and several individual American Indians residing in Lake County, California, acting on their own behalf and on the behalf of all American Indians in California, brought this suit as a class action pursuant to 42 U.S.C. § 2000a–6, 42 U.S.C. § 1983, and the equal protection clause of the Fourteenth Amendment to the United States Constitution. Preliminary and permanent injunctions were sought to restrain defendants, directors and officers of the California State Agency responsible for administration of the annual Lake County Fair, from using a cartoon Indian caricature called "Him Konocti"[1] in materials used to advertise and promote the Lake County Fair. In addition, plaintiffs sought damages for ridicule and humiliation allegedly suffered by the Indians as a result of the use of the Indian caricature in posters, banners and other materials advertising the fair. Defendants have filed a motion for summary judgment.

Subsequent to the filing of this complaint, defendants removed or destroyed all depictions of the Indian name and symbol previously used in fair promotion. Thus injunctive relief, the sole remedy provided by the public accommodations subchapter of the 1964 Civil Rights Act, 42 U.S.C. § 2000a–6, is no longer necessary or appropriate in this action, so that portion of the complaint is eliminated. Adickes v. S. H. Kress & Co., 409 F.2d 121, 126 (2 Cir. 1968), rev'd on other grounds, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

There remains plaintiffs' claim of damages under the anti-discrimination provision of 42 U.S.C. § 1983. That section provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any * * * person * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■■ To state a claim under § 1983, plaintiffs must show violation of some right guaranteed by the Constitution or laws of the United States. See examples listed in *Johnson v. Hackett*, 284 F.Supp. 933, 939, n. 11 (E.D.Pa.1968). The issue here is whether the use of a racially derogatory stereotype by a public entity violates the equal protection clause of the Fourteenth Amendment, thus constituting a claim for damages under § 1983. Plaintiffs urge that the claim here is one of racial discrimination caused by the defendants' alleged projection of Indians as a subject of ridicule, thus bringing the complaint to the required constitutional level. Plaintiffs cite several cases as support for this claim of discrimination but all of these cases involve a situation in which an identifiable group is denied constitutionally protected rights and privileges accorded to other groups. *Gaston County v. United States*, 395 U.S. 285, 89 S.Ct. 1720, 23 L.Ed.2d 309 (1969); *Reitman v. Mulkey*, 387 U.S. 369, 372, 87 S.Ct. 1627, 18 L.Ed.2d 830 (1967); *Morey v. Doud*, 354 U.S. 457, 458, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); *Kennedy Park Homes Ass'n v. City of Lackawanna*, 318 F. Supp. 669, 671 (W.D.N.Y. 1970), aff'd, 436 F.2d 108, 109 (2 Cir. 1970), cert. denied, 401 U.S. 1010, 91 S.Ct. 1256, 28 L.Ed.2d 546 (1971). Those cases are readily distinguishable from the instant case. Here, no right or privilege accorded to others is denied the Indians.

This Court finds the use by defendants of the Indian caricature here, assuming for the purposes of this motion it

---

1. For one example of the Indian caricature as it was used by defendants in promotional materials, see Exhibit A hereto. It should be noted, however, that this Court has not ruled upon plaintiffs' contention that the caricature is in fact derogatory to American Indians.

is in fact derogatory, is not unconstitutional. As disclosed by the Court's research, the closest case to the instant case is Johnson v. Hackett, 284 F.Supp. 933 (E.D.Pa.1968). There the court found that racially insulting remarks made by police officers to Negroes were not grounds for a complaint under § 1983. In support of its decision, the court said that merely because an insult was racial, it did not transform the right violated into a right protected by the federal Constitution. 284 F.Supp. 940. The same reasoning applies here. Plaintiffs may have a right to be free from being made a public object of ridicule through use of a symbol which derogatorily depicts their race, but this right is one of the many rights which are not guaranteed by the Constitution of the United States. To rule otherwise and thus find it is a right covered by 42 U.S.C. § 1983 would be an unwarranted extension by the Court of civil rights to include those individual freedoms which heretofore have been matters of state concern. Cal.Civ.Code §§ 44 and 45; Cal.Code Civ.Proc. §§ 830 et seq.

This Court finds the use of a racially derogatory stereotype is a matter not of discrimination but of defamation, specifically libel.[2] And as plaintiffs agreed in their memorandum to the Court, defamation committed by persons acting under color of law does not constitute a violation of 42 U.S.C. § 1983. Heller v. Roberts, 386 F.2d 832 (2 Cir. 1967); Morey v. Independent School District No. 492, 312 F.Supp. 1257, 1262 (D.Minn.1969), aff'd, 429 F.2d 428 (8 Cir. 1970); Sinchak v. Parente, 262 F.

Supp. 79, 87 (W.D.Pa.1966); Hopkins v. Wasson, 227 F.Supp. 278, 280 (E.D.Tenn. 1962), aff'd, 329 F.2d 67, 68 (6 Cir. 1964), cert. denied, 379 U.S. 854, 85 S. Ct. 102, 13 L.Ed.2d 57 (1965). Thus, the complaint fails to state a claim under either 42 U.S.C. § 1983 or 42 U.S.C. § 2000a–6.

EXHIBIT A

---

2. Libel is defined in California Civil Code § 45 as "a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation."