Sylvester HARRIS, Plaintiff,

v.

Richard HARVEY, Jr. and Gerald Clickner, Defendants.

No. 75–C–612.

United States District Court, E. D. Wisconsin.

Aug. 5, 1976.

Smith & Hinners, by Paul J. Gossens, Milwaukee, Wis., Coffey & Coffey, by William M. Coffey, Milwaukee, Wis., for plaintiff.

Foley & Capwell, by Rex Capwell, Racine, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Both defendants have moved to dismiss this action and, in the event such motion is not granted, the defendant, Judge Harvey,

has moved for a protective order limiting the area of inquiry at a future deposition hearing.

The action is brought pursuant to 42 U.S.C. § 1983. In a comprehensive complaint consisting of 47 numbered paragraphs, the plaintiff alleges that he was deprived of his constitutional rights by the defendant Harvey, a county court judge of Racine county, and by the defendant Clickner, the district attorney of Racine county. A variety of wrongs is attributed to the two defendants, who are white, against the plaintiff, who is a black Racine police lieutenant.

The motion to dismiss relies in part on a claim of immunity by both the defendants. They also contend that the acts charged against them were not under color of state law. In addition, the defendants urge that the plaintiff was not deprived of any rights protected by the Constitution of the United States.

■ With reference to the immunity defense, the law is clear that a judge and a district attorney, who are acting within their jurisdiction, are exempt from monetary liability, even when their acts are alleged to be malicious. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Jacobson v. Schaefer,* 441 F.2d 127 (7th Cir. 1971). The immunity afforded to judges has been extended to public prosecutors. In *Imbler v. Patchman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Court said that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." 424 U.S. p. 420, 96 S.Ct. p. 990. Since monetary damages are not sought in this action from the defendant Clickner, the *Imbler* immunity is not really applicable.

■ The complaint in the instant case expressly alleges that a number of the acts attributed to the defendants were committed outside of their jurisdictions. The court is mindful of the admonition of the court of appeals for the seventh circuit in *Jacobson v. Schaefer,* supra, where at page 129 the court notes that a judge may be liable for damages only when he has acted "in the 'clear absence of all jurisdiction over the subject-matter'." The conduct of Judge Harvey described in complaint paragraphs 22, 25, 27, 28, 29, 30, 31, 37 and 38, if proved, could arguably constitute an "absence of all jurisdiction." A fair reading of the complaint persuades me that upon the present state of the record, Judge Harvey is not entitled to dismissal as to the plaintiff's action for monetary relief.

■ I find no merit in the defendants' argument that this action cannot be brought under § 1983 because of an absence of a showing that the acts were performed under color of state law. Fairly construed, I think it is clear that § 1983 may not be denied to the use of the plaintiff on this ground.

■ With reference to the contention that there has been no deprivation of the plaintiff's rights which are secured by the United States Constitution, I note that in paragraphs 15, 16, 17 and 30, of the complaint there are specific references to racial aspects. Those paragraphs read as follows:

"15. On information and belief, prior to January 9, 1974, Richard Harvey, Jr. had stated to Racine Assistant Chief of Police Hagopian, that he was going to get that 'black bastard', Harris."

"16. On information and belief, on many occasions prior to January 21, 1974, Defendant Harvey, under color of law but beyond his jurisdiction, maliciously stated to many people that Plaintiff Harris received preferential treatment from the Racine Police Department and that Harris received favors because he was black."

"17. On information and belief, on or before January 9, 1974, Defendant Harvey maliciously made racial remarks which were intended to reflect upon associates, friends and attorneys of Harris in an effort to have them disassociate themselves from Plaintiff Harris."

"30. On information and belief, on or about March 11, 1974, Defendant Harvey, acting under color of law but beyond his

jurisdiction as County Judge, deliberately, maliciously and intentionally executed an affidavit and submitted the affidavit in a legal proceeding in which he was neither a party, nor an attorney and in that affidavit made racial and derogatory remarks about Harris before Harris had been tried on any of the criminal complaints issued by Harvey."

The racial overtones of the complaint persuade me that this court has jurisdiction under § 1983, so far as the conduct of Judge Harvey is concerned, notwithstanding the decision in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). That case made it clear that one who has suffered a defamation has not sustained a deprivation of a federally protected right.

*Paul v. Davis* contemplates that one who would sue in federal court under § 1983 must point to a "specific constitutional guarantee safeguarding the interest he asserts has been invaded." 424 U.S. p. 700, 96 S.Ct. p. 1160. In the case at bar, there are numerous acts attributed to Judge Harvey which were allegedly racially motivated. They are itemized with sufficient clarity so as to foreclose this court from granting dismissal as to Judge Harvey. A violation of Mr. Harris' fourteenth amendment right to equal protection of the laws has been adequately alleged. It follows, therefore, that Judge Harvey's motion to dismiss may not be granted, and the plaintiff's action against him, both as to monetary and injunctive relief, must stand.

■ As previously noted, damages are not sought from Mr. Clickner, and, thus, the immunity of a prosecutor does not insulate him from this action. However, this § 1983 action may not be pursued against Mr. Clickner because no violation of a federally protected constitutional right is charged against him and dismissal must follow pursuant to *Paul v. Davis.* The wrongs attributed by the plaintiff to Mr. Clickner do not support a § 1983 action in federal court.

With reference to the motion for a protective order, Judge Harvey urges that the plaintiff should be barred from inquiring into various subject matter areas. I have examined the contents of this motion and conclude that the better exercise of the court's discretion pursuant to Rule 26(c), Federal Rules of Civil Procedure, is to deny the defendant's motion.

Therefore, IT IS ORDERED that the motion of the defendant Harvey for dismissal be and hereby is denied.

IT IS ALSO ORDERED that the motion of the defendant Clickner for dismissal be and hereby is granted.

IT IS FURTHER ORDERED that the motion of the defendant Harvey for a protective order be and hereby is denied.