**Sylvester HARRIS, Plaintiff,**

v.

**Richard G. HARVEY, Jr., Defendant.**

**No. 75–C–612.**

United States District Court,
E. D. Wisconsin.

June 30, 1977.

See also, 419 F.Supp. 30.

Hinners & Niemann by Paul J. Gossens, Milwaukee, Wis.; Coffey & Coffey by William M. Coffey, Milwaukee, Wis., for plaintiff, of counsel.

Foley & Capwell by Rex Capwell, Racine, Wis., for defendant.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant Harvey has moved for partial summary judgment dismissing several portions of the plaintiff's action. Based on the record before me, including the pleadings, affidavits, exhibits, and briefs of the parties, I believe that this motion should be granted in part and denied in part.

This is an action grounded on 28 U.S.C. §§ 1343, 1331, and 42 U.S.C. § 1983, in which the plaintiff seeks damages and equitable relief for deprivations under color of law of rights secured by the fourteenth amendment to the United States Constitution.

The action was brought against Richard Harvey, Jr., county judge for Racine County, and Gerald Clickner, the district attorney for Racine County. The plaintiff is a lieutenant with the Racine city police department and heads its community relations department. Mr. Harris is black and Judge Harvey and Mr. Clickner are white. As a result of this court's disposition of prior motions in this case, the defendant Clickner has been dismissed from this action. *Harris v. Harvey,* 419 F.Supp. 30 (E.D.Wis.1976).

The events that gave rise to this action began in January, 1974, when the plaintiff arrested one Dale Vorlob for attacking him with a pistol. Charges of felonious battery to a police officer were brought against Vorlob. According to the complaint, Mr. Vorlob informed district attorney Clickner of an incident which allegedly occurred shortly after Mr. Vorlob's arrest in which the plaintiff pistol whipped Mr. Vorlob and threatened Mr. Vorlob with bodily harm if he were to testify at the trial.

The complaint relates that on the petition of Mr. Clickner, Judge Harvey conducted John Doe proceedings inquiring into Mr. Vorlob's allegations. As a result of the John Doe proceedings, felony and misdemeanor charges were lodged against the plaintiff. While these criminal charges were pending, Judge Harvey allegedly undertook a series of efforts to persuade the Racine police chief, the police and fire commission, and the city attorney to take disciplinary actions against the plaintiff. It is also alleged that on numerous occasions the defendant commented publicly on the merits of the charges against the plaintiff and that Judge Harvey released or threatened to release information to the press concerning these charges and other alleged wrongdoing by the plaintiff.

The plaintiff claims that the actions of the defendant Harvey were malicious and motivated by a racial animus. In support of the latter claim, the plaintiff has submitted affidavits of individuals stating that they heard Judge Harvey refer to the plaintiff in a racially derogatory manner. It is also claimed that a number of Judge Harvey's acts were taken beyond his jurisdiction as county judge.

Judge Harvey's actions have allegedly caused the plaintiff various injuries; the plaintiff claims that he has become an object of hatred of his fellow officers; that his life has been threatened; that he fears for his personal safety and the safety of his wife; that he has spent considerable sums for his legal defense; that he has been deprived of opportunities for advancement; and that he suffers loss of credit, loss of good name, humiliation, mental distress, and embarrassment.

Lieutenant Harris seeks injunctive relief preventing Judge Harvey from conducting any further investigation into the plaintiff's activities. The plaintiff also requests damages for an asserted denial of due process and equal protection of the laws because of the manner in which judicial proceedings were sought against him and for the reputation and employment-related injuries which he claims to have suffered.

Judge Harvey does not deny that he conducted the John Doe proceedings or that he corresponded with various Racine officials concerning imposition of discipline or other sanctions upon the plaintiff. However, the defendant denies making racially derogatory remarks about the plaintiff and also denies that any of his actions were motivated by racial prejudice, were undertaken maliciously, or were performed outside his jurisdiction.

The defendant's present motion seeks partial summary judgment dismissing several portions of the plaintiff's action. (1) As to the plaintiff's claim for injunctive relief, the defendant's motion is grounded on principles set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). (2) Relying on *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the defendant seeks summary judgment respecting the plaintiff's due process claim for damages for injury to his reputation. (3) The defendant also argues that summary judgment should be granted dismissing the equal protection aspect of the plaintiff's action. (4) Finally, the defendant contends that summary judgment must be granted because of the doctrine of judicial immunity.

## I. THE CLAIM FOR INJUNCTIVE RELIEF

Paragraph 45 of the amended complaint avers that:

"On information and belief, Defendants Clickner and Harvey, acting under color of law, both within and without their jurisdiction, are continuing and persisting in their course of malicious conduct to intimidate, threaten and harrass Plaintiff Harris up to and including the date of this complaint causing him immediate and irreparable harm for which there is no adequate remedy at law and Defendants will continue to act both within and without their jurisdiction under color of law unless this Court grants permanent injunctive relief."

In support of the claim for injunctive relief, Lieutenant Harris has submitted several exhibits. The first exhibit, a portion of the transcript from one of the John Doe proceedings, includes an exchange in which Judge Harvey persistently warned a witness not to perjure himself by denying that he heard a conversation inculpating the plaintiff. The other exhibits allegedly show that the defendant continued publicly and privately to attack the plaintiff up to the time this action was commenced. In correspondence between the defendant and the Racine chief of police, Judge Harvey provided information from the John Doe proceedings and from other sources suggesting that the plaintiff had acted improperly on other occasions and urging that the police department conduct an internal in-

vestigation of Lieutenant Harris so as to avoid a "coverup."

The defendant advances two grounds in support of its motion for partial summary judgment dismissing the plaintiff's claim for injunctive relief: (1) The plaintiff's claim presents no actual case or controversy as required by Article III of the Constitution; (2) Even if the case or controversy requirement is met, the plaintiff has not stated an adequate basis for equitable relief.

In support of the first of these contentions, the defendant stresses that no judicial proceedings are presently pending against Lieutenant Harris and that the plaintiff has failed to allege "sufficient facts to demonstrate that he is in any jeopardy of suffering irreparable injury if the as yet uncommenced state proceedings are not now enjoined." The defendant in this regard relies on *O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

In *O'Shea,* a county magistrate and judge, among others, were sued under 42 U.S.C. §§ 1981, 1982, 1983, and 1985 for allegedly engaging in practices in the administration of a state criminal justice system which deprived the plaintiffs of rights secured in part by the fourteenth amendment. The plaintiffs sought injunctive relief preventing the defendants' imposing various procedural burdens upon nonwhite persons that were not imposed on white persons.

The Supreme Court, holding that the plaintiff's complaint failed to satisfy the jurisdictional case or controversy requirement in Article III, reasoned as follows:

"Apparently, the proposition is that *if* respondents proceed to violate an unchallenged law and *if* they are charged, held to answer, and tried in any proceedings before petitioners, they will be subjected to the discriminatory practices that petitioners are alleged to have followed. But it seems to us that attempting to anticipate whether and when these respondents will be charged with crime and will be made to appear before either petitioner takes us into the area of speculation and

conjecture. See *Younger v. Harris,* [401 U.S. 37, at 41–42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)]." 414 U.S. at 497, 94 S.Ct. at 676.

Acknowledging that as a result of the plaintiff's conduct tensions were high, the Court was "nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws." *O'Shea,* supra, at 497, 94 S.Ct. at 677. The Court found that under the circumstances "the threat of injury from the alleged course of conduct . . . attack[ed] is simply too remote to satisfy the case-or-controversy requirement and permit adjudication by a federal court." *O'Shea,* supra, at 498, 94 S.Ct. at 677.

■ I am convinced that in the instant case as well the prospect of future criminal proceedings against the plaintiff is too remote to present a case or controversy as required by Article III. The complaint and the parties' affidavits reveal that all criminal proceedings against the plaintiff that stemmed from the John Doe have been dismissed and no other charges have since been lodged against Lieutenant Harris as a result of any proceedings over which the defendant presided. Moreover, this case does not involve prosecution of an individual engaging in protest or a challenge to allegedly unconstitutional laws where the likelihood of future prosecution may be greater. See e. g. *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974).

■ In addition to the absence of an Article III case or controversy, the plaintiff's entitlement to equitable relief is blocked by the availability to him of adequate legal remedies. As the Supreme Court found with respect to the state criminal justice system in *O'Shea,* the Wisconsin criminal justice system provides protections to victims of discriminatory practices:

"[T]here are available state and federal procedures which could provide relief from the wrongful conduct alleged.

148

·Open to a victim of the discriminatory practices asserted under state law are the right to a substitution of judge or a change of venue, Ill.Rev.Stat., c. 38, §§ 114–5, 114–6 (1971) [Wis.Stats. §§ 801.58, 801.46], review on direct appeal or on postconviction collateral ·review, · and the opportunity to demonstrate that the conduct of these judicial officers is so prejudicial to the administration of justice that available disciplinary proceedings, including the possibility of suspension or removal, are warranted. Ill. Const., Art. VI, § 15(e) [Wis.Const. Art. VII, § 13]. In appropriate circumstances, moreover, federal habeas relief would undoubtedly be available.

"Nor is it true that unless the injunction sought is available federal law will exercise no deterrent effect in these circumstances. Judges who would willfully discriminate on the ground of race or otherwise would willfully deprive the citizen of his constitutional rights, as this complaint alleges, must take account of 18 U.S.C. § 242. (citations omitted).

"Whatever may be the case . . . with respect to civil liability generally, see *Pierson v. Ray,* 386 U.S. 547, [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967), or civil liability for willful corruption, see *Alzua v. Johnson,* 231 U.S. 106, 110–111 [34 S.Ct. 27, 58 L.Ed. 142] (1913); *Bradley v. Fisher,* 13 Wall. 335, 347, 350, 354, [20 L.Ed. 646] (1872), we have never held that the performance of the duties of judicial, legislative, or executive officers, requires or contemplates the immunization of otherwise criminal deprivations of constitutional rights. Cf. *Ex parte Virginia,* 100 U.S. 339, [25 L.Ed. 676] (1880). On the contrary, the judicially fashioned doctrine of official immunity does not reach 'so far as to immunize criminal conduct proscribed by an Act of Congress. . . .' *Gravel v. United States,* 408 U.S. 606, 627, [92 S.Ct. 2614, 33 L.Ed.2d 583] (1972)." *O'Shea,* supra, 414 U.S. at 502–3, 94 S.Ct. at 679–680.

While it is true that not all of these protections are available to relieve the plaintiff from a John Doe investigation, they will be available to the plaintiff in the event that such an investigation yields criminal charges. In my opinion, these legal remedies provide the plaintiff with adequate protection and, thus, he is not entitled to equitable relief. Therefore, partial summary judgment will be granted as to the plaintiff's claim for an injunction.

## II. DUE PROCESS CLAIM

In my decision on the defendants' motions to dismiss, I determined that as to Judge Harvey the complaint adequately alleged a violation of the plaintiff's fourteenth amendment right to equal protection of the laws. I also decided that the complaint successfully pleaded allegations that could arguably have been undertaken "in the absence of all jurisdiction," so that the defendant Harvey's judicial immunity did not foreclose the plaintiff's recovery of damages under 42 U.S.C. § 1983. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 646 (1871). Accordingly, the plaintiff's action for both monetary and injunctive relief against the defendant Harvey survived the motion to dismiss. The defendant Clickner, however, was dismissed "because no violation of a federally protected constitutional right is charged against him and dismissal must follow pursuant to *Paul v. Davis.*" *Harris v. Harvey,* 419 F.Supp. at 32.

The plaintiff erroneously reads the decision of this court and misconceives the role that *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), played in the disposition of the motion to dismiss.

■ Implicit in my conclusion that no claim had been stated upon which relief could be granted against the defendant Clickner was my belief that the injuries sustained by the plaintiff did not rise to the level of a deprivation of life, liberty, or property within the meaning of the due process clause of the fourteenth amendment. *Paul v. Davis* held that injury to reputation alone, apart from injury to some more tangible interest such as employment,

does not constitute a deprivation of liberty protected by fourteenth amendment due process. The import of *Paul* is that a defamation does not become a deprivation of liberty merely because the defamer is an individual acting under color of state law. Thus, a person so defamed is not entitled to any due process protections prior to the time that the alleged defamatory conduct takes place; instead, he must subsequently resort to state law remedies.

■ The plaintiff makes no claim of discharge from employment. In fact, the affidavits and pleadings indicate that the plaintiff continues to work at his job with the Racine city police department. During the time that the plaintiff was suspended from his job he received full pay. The basis for the plaintiff's claim that he has been deprived of a liberty interest is that his job has become "unsatisfying" and "nearly unbearable."

In a case very similar to the one at bar, it was held that a policeman's "temporary suspension with pay is a far cry from that 'absolute deprivation' against which the Fourteenth Amendment protects." *Taylor v. Nichols,* 409 F.Supp. 927, 935 (D.Kan. 1976). The court of appeals for this circuit has recently held in a post-*Paul* case that an injury to reputation accompanied by a discharge from employment infringes a fourteenth amendment liberty interest even where the discharged employee does not have a property interest in his job. *Colaizzi v. Walker,* 542 F.2d 969 (7th Cir. 1976). Even the latter interpretation does not eliminate the necessity of a termination or nonrenewal of employment under *Paul.* For this reason, the claim against the defendant Clickner was dismissed. For the same reason, that portion of the action against the defendant Harvey based on an alleged deprivation of the plaintiff's liberty interest must also fail. Therefore, the plaintiff's motion for partial summary judgment dismissing the plaintiff's due process claim will be granted.

## III. EQUAL PROTECTION

The bases for the plaintiff's equal protection claim are (1) that Judge Harvey, because of his racial bias against the plaintiff, sought to cause the plaintiff's firing, suspension without pay, or disciplinary action by the police department; and (2) that out of racial motivation the defendant sought the criminal prosecution of the plaintiff.

The parties have submitted evidentiary materials and argument concerning the motivation underlying the defendant's actions against the plaintiff. It is alleged that on several occasions the defendant made racially derogatory remarks about the plaintiff and that such remarks were made "to get Harris off the police force."

The plaintiff's proof consists primarily of affidavits by individuals who claim to have heard the defendant make such racial remarks. The defendant argues that the use of racially offensive terms does not prove racial motivation. He claims that his efforts to have charges brought against Lieutenant Harris and to have employment sanctions imposed were instead motivated by a belief that Lieutenant Harris had committed crimes.

■ I believe that the defendant's motion for summary judgment in this respect must be denied. The question whether a given act was motivated by racial discrimination requires inquiry into the subjective intent of the actor and therefore is particularly inappropriate for resolution by summary judgment. See *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972); *Donovan v. Reinbold,* 433 F.2d 738 (9th Cir. 1970). The parties' affidavits are sufficient to raise a factual issue as to the motivation underlying the defendant's conduct, thereby precluding summary judgment.

Judge Harvey also contends that the plaintiff has suffered no injury cognizable under the equal protection clause. It is argued that because the plaintiff was never tried and convicted of the crimes charged and was never discharged from his employment, the case against the defendant is reduced to one based on racial name-calling. The defendant proceeds from this reasoning to rely on cases holding that racial name-

calling does not amount to a denial of equal protection. *El-Em Band of Pomo Indians v. 49th District Agricultural Fair Association*, 359 F.Supp. 1044 (N.D.Cal.1973); *Johnson v. Hackett*, 284 F.Supp. 933 (E.D. Pa.1968).

■ The defendant erroneously believes that *Paul v. Davis*, supra, requires that a deprivation of life, liberty, or property be established in all fourteenth amendment cases. In my opinion, *Paul* relates to due process and does not control a claim based upon an alleged denial of equal protection of the laws. An individual who has suffered injuries as a result of unjustified invidious discrimination, may be able to establish an equal protection violation regardless whether such injuries rise to the level of deprivations of life, liberty, or property.

■ The plaintiff has averred several significant injuries in his complaint, including loss of credit, injury to reputation, and a deprivation of opportunities for advancement in his employment. Such injuries, standing alone, are insufficient to invoke procedural due process. However, if they are inflicted, as alleged, through racially discriminatory treatment, they are sufficient under the law to support a claim based on a denial of equal protection of the laws.

Accordingly, the defendant's motion for summary judgment dismissing the plaintiff's equal protection claim will be denied.

## IV. JUDICIAL IMMUNITY

Judge Harvey next argues that the doctrine of judicial immunity shields him from liability for damages for several of his acts complained of by the plaintiff. Both parties agree that the immunity is applicable "even where the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). The parties also acknowledge that a judge acting "in excess" of his jurisdiction is still immune and that he may be sued for damages only when he has acted in the "clear absence of all jurisdiction over the subject matter.

. . . ." *Bradley v. Fisher*, 13 Wall. 335, 351, 80 U.S. 335, 20 L.Ed. 646 (1871). *Sparkman v. McFarlin*, 552 F.2d 172 (7th Cir. 1977); *Jacobson v. Schaefer*, 441 F.2d 127, 129 (7th Cir. 1971).

The defendant first argues that summary judgment should be granted as to the allegations that he maliciously and unfairly conducted judicial proceedings inquiring into the plaintiff's activities. The defendant argues that these acts were performed within his jurisdiction as county judge.

The plaintiff has responded that the doctrine of judicial immunity does not bar an action *for equitable relief* even if the judicial officer were acting within his jurisdiction. *Jacobson v. Schaefer*, supra. The plaintiff has complained about the circumstances attending Judge Harvey's judicial proceedings only in support of his claim for equitable relief. Since I have ruled that the claim for equitable relief must be dismissed, it is unnecessary to address this portion of the defendant's motion.

However, the defendant has also raised the judicial immunity defense with respect to certain acts unrelated to the John Doe proceedings which he conducted concerning the plaintiff.

The plaintiff has alleged that Judge Harvey informed a newspaper reporter what had transpired at the secret John Doe proceedings and that charges would be brought against the plaintiff. On another occasion, the defendant allegedly held a press conference to reveal the charges against the plaintiff and the fact that the plaintiff refused to testify at the John Doe. (complaint, ¶¶ 22–25). While these two allegations may have been included in the complaint solely to support the now-dismissed due process claim, a fair reading of the complaint suggests that the allegations may also relate to the plaintiff's equal protection claim.

■ The defendant contends that even if these allegations were true, these acts fell within his subject matter jurisdiction and that he is immune from liability for damages. Since the defendant has cited no authority, either legal or factual, in support

of this contention, I decline to alter my prior determination that the judge may not claim immunity from suit regarding the allegations in paragraphs 22 and 25 of the complaint. Therefore, the defendant's motion for summary judgment dismissing the plaintiff's claim insofar as it relies upon the allegations in paragraphs 22 and 25 will be denied.

Paragraph 30 of the complaint alleges that the defendant, acting beyond his jurisdiction, maliciously executed an affidavit containing racial and other derogatory remarks about the plaintiff and submitted it in a legal proceeding in which he was neither a party nor an attorney. In my previous decision, I held that this act, if proved, could arguably constitute an absence of all jurisdiction. *Harris v. Harvey,* 419 F.Supp. 30, 31 (1976).

Based on the present record, I now believe that the plaintiff is foreclosed from the recovery of damages based on the allegation in paragraph 30 of the complaint.

The affidavit containing remarks about the plaintiff was submitted in state court habeas corpus proceedings challenging the defendant's actions in the John Doe proceedings and other matters relating to the administration of the defendant's court. The plaintiff's petition for habeas corpus was grounded on the defendant's alleged racial prejudice. It is now apparent that the legal proceeding in which the affidavit was submitted was intimately related to matters within the jurisdiction of the defendant's court.

The concept of judicial immunity is broad enough to shield a judge from liability for his efforts to justify in habeas corpus proceedings the determinations arrived at in matters over which he had subject matter jurisdiction. I will therefore grant summary judgment to the defendant as to the allegations contained in paragraph 30 of the complaint.

Therefore, IT IS ORDERED that the defendant's motion for summary judgment dismissing the plaintiff's claim for injunctive relief be and hereby is granted.

IT IS ALSO ORDERED that the defendant's motion for summary judgment dismissing the plaintiff's due process claim be and hereby is granted.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment dismissing the plaintiff's equal protection claim be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment on the basis of judicial immunity be and hereby is granted in part and denied in part as set forth in this decision.