**James W. BLEVINS et al., Plaintiffs,**

v.

**H. J. KREUTZMAN et al., Defendants.**

**No. 76–C–190.**

United States District Court,
E. D. Wisconsin.

March 14, 1978.

Strub, Woodworth & Quincy by Eric L. Becker, Beaver Dam, Wis., for plaintiffs.

Wightman, Thurow & Sauthoff by Arnold J. Wightman, Madison, Wis., Fred R. Schwertfeger, Corp. Counsel, Horicon, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for summary judgment. They contend that they may not be sued as individual board members because if "acting alone" they could not have been acting under color of law. The defendants also argue that the complaint seeks damages for injury to reputation, which the defendants urge is not cognizable by this court pursuant to *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).

The action is one in which the plaintiffs allege that they were summarily discharged by the defendants, who were members of the Dodge County Unified Board, and that such dismissal was done "wantonly, wilfully and maliciously." In paragraphs 10 and 11, the plaintiffs aver that

"10. . . . the defendants, conspired to deprive the plaintiffs of their rights to equal protection under the law contrary to the Constitution and the 14th Amendment to the Constitution and the privileges and immunities granted thereunder; said conspiracy resulted in the plaintiffs' summary termination aforesaid and a denial of due process and the right to the property as all guaranteed.

"11. By this action, the plaintiffs were deprived of their rights, privileges and immunities secured by the Constitution of the United States and the laws of the United States by being deprived of their jobs without being given a statement why their employment was terminated and to a hearing to respond."

In my opinion, the motion for summary judgment may not be granted. The defendant board members, as individuals, are subject to suit in this civil rights action brought under 42 U.S.C. §§ 1983 and 1985. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Although the defendants urge that their acts were done without color of law, I believe that the complaint adequately alleges conduct which would constitute state action.

The defendants' reliance upon *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), is, in my opinion, misplaced. In that case, an action for injury to reputation was held by the United States Supreme Court to have been wrongfully brought in the federal court, but rather should have been processed in the state courts. In the case at bar, in contrast, the plaintiffs claim an injury to reputation in conjunction with a termination of their employment. *Colaizzi v. Walker*, 542 F.2d 969 (7th Cir.1976), holds that when reputational injury is accompanied by a termination of employment, a § 1983 claim has been stated. Cf. *Harris v. Harvey*, 436 F.Supp. 143 (E.D.Wis.1977). If the defendants did, in fact, violate the plaintiffs' civil rights, such defendants may be answerable in damages. This court does not lose jurisdiction over the action merely because one of the items of alleged damages is an impairment of reputation.

The motion for summary judgment is also based upon the claim that two of the board members were not present when the vote for discharge was taken and that two of the defendants voted against the discharge. Thus, the argument is advanced that "four

of the defendants did not discharge the plaintiffs, summarily or otherwise." Upon the present record, I am not persuaded that summary judgment should be granted to these four defendants. The allegations of conspiracy contained in paragraph 10 of the complaint are broad enough to encompass other acts on the part of the four defendants which might be sufficient to impose responsibility upon them.

Therefore, IT IS ORDERED that the defendants' motion for summary judgment be and hereby is denied.