Douglas R. SORENSON, Plaintiff,

v.

John M. ZAPIEN, Gordon Heggie, members of the Colorado State Board of Parole, Defendants.

Civ. A. No. 78–K–908.

United States District Court, D. Colorado.

Sept. 18, 1978.

do. Defendants John M. Zapien and Gordon Heggie are members of the Colorado State Board of Parole who have moved to dismiss the complaint.

Plaintiff was given a hearing by the Colorado State Board of Parole on July 19, 1978. C.R.S. 17–1–201(3)(c) (1973) (as amended) provides the Parole Board with the power to

> grant parole to any person committed or sentenced to the Colorado state reformatory when the board is of the opinion that there is a strong and reasonable probability that such person will not thereafter violate the law and that his release from institutional custody is compatible with the welfare of society.

In accord with this requirement, the board denied parole at that time and deferred consideration of parole until January, 1979.

Plaintiff does not question the due process afforded him at this hearing. Nor does he attack the board's ultimate decision. Plaintiff bases his § 1983 claim on statements made by defendant Zapien at and subsequent to this July 19, 1978 hearing which he considers defamatory.

Plaintiff claims that he was questioned at this hearing as to whether he had ever "raped" anyone; that defendant Zapien told plaintiff that plaintiff "reminded him of a man who came before him two years earlier with a similar case who had committed rape" while out on parole; and that defendant Zapien indicated that he [Zapien] "may be all wet," but that he felt there was sufficient evidence to support his feeling that the plaintiff would also commit rape.

Plaintiff further alleges that defendant Zapien sent a memorandum to the reformatory stating that plaintiff "was a possible rapist in disguise of a robber"; and that the memorandum was ultimately placed in plaintiff's file. This memorandum reads, in part, as follows:

> The big question in the Board's mind at this time is the need for a psychiatric evaluation. The reason for the Board making this request is that in our opinion Douglas Robert Sorenson may have a po-

Douglas R. Sorenson, pro se.

Richard H. Goldberg, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER OF DISMISSAL

KANE, District Judge.

This is a Civil Rights action under 42 U.S.C. § 1983 by an inmate at the Colorado State Reformatory in Buena Vista, Colora-

tential for violence directed toward the female gender. This may be an observation in error but we feel there are enough indications in this case file that point in the direction of a rapist in the guise of an aggravated robber. This was discussed with Douglas at the interview today to rather great extent. We shared our observation with him and requested that he pursue the possibility of a psychiatric evaluation and explore the things we talked about in the interview.

Plaintiff claims that the statements made by defendant Zapien at the July 19, 1978 hearing, together with the statements made in the above memorandum, were defamatory and in violation of his constitutional rights. Plaintiff submits that defendant Zapien's statements, which now appear in plaintiff's file,

> will tend to blacken plaintiff's integrity, impeach his honesty, virtue, reputation, and expose him to extreme public hatred, contempt, condemnation, ridicule and extreme hardship and suffering, and perhaps bodily harm.

Plaintiff further submits that his character "will be unduly damaged as a result of the unnecessary statements and intuitive inflammatory derogatory remarks of defendant(s)." His prior convictions for unauthorized distribution of controlled substances, escape and aggravated robbery suggest that his concerns are somewhat eristic. Irrespective of that suggestion, however, plaintiff is in the wrong court.

In order to state a cause of action under 42 U.S.C. § 1983, something more than simple defamation must be alleged. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Plaintiff must allege some conduct which has deprived him of a right, privilege, or immunity secured by the Constitution and laws of the United States. The Civil Rights Act does not provide a remedy for mere common law torts, even if they are committed under color of state law. *See Williams v. Gorton*, 529 F.2d 668 (9th Cir. 1976); *Brainerd v. Potratz*, 421 F.Supp. 836 (N.D.Ill.1976), *aff'd*, 566 F.2d 1177 (7th Cir. 1977); *Taylor v. Nichols*, 409

F.Supp. 927 (D.Kan.1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977).

Accordingly, plaintiff's complaint and civil action are dismissed for failure to state a cognizable federal claim.