**Fred W. PHELPS, Plaintiff,**

v.

**The WICHITA EAGLE–BEACON, et al., Defendants.**

**Civ. A. No. 83–4060–S.**

United States District Court, D. Kansas.

April 1, 1986.

Fred W. Phelps, Sr., pro se.

Margie J. Phelps, Phelps-Chtd., Topeka, Kan., for plaintiff.

Gerrit H. Wormhoudt, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., for Wichita Eagle-Beacon, Tompkins, Holtzclaw & Merritt.

Sloan, Listrom, Eisenbarth, Sloan and Glassman, Myron L. Listrom and Deanne Watts Hay, Topeka, Kan., for Harley.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim and defendants' motion to dismiss plaintiff's amended complaint for failure to state a claim and on the basis that plaintiff's Racketeer Influenced & Corrupt Organizations Act [RICO] claim is barred by the statute of limitations.

Plaintiff brought this action seeking damages and injunctive relief for defendants' publication of two articles about plaintiff in the Wichita Eagle-Beacon. In his complaint, plaintiff alleges that the court has jurisdiction under 42 U.S.C. §§ 1981, 1983, 1985, and 1988, 28 U.S.C. §§ 1331 and 1343, and the first and fourteenth amendments. Plaintiff also alleges pendent state law claims for defamation and invasion of privacy. On August 12, 1985, the plaintiff filed an amended complaint alleging an additional claim under the civil RICO Act, 18 U.S.C. § 1962.

In defendants' motion to dismiss, defendants contend that plaintiff has failed to allege facts sufficient to support subject matter jurisdiction in this court. Defendants claim that plaintiff's lawsuit is, in reality, a suit for libel, slander, and invasion of privacy. The defendants state that plaintiff's claims sound in tort and do not rise to the status of a constitutional violation necessary to invoke this court's jurisdiction. Defendants claim that plaintiff's allegations of the violation of Kansas Supreme Court Rule 223 is in no way a claim of a constitutional violation.

In considering a motion to dismiss, the factual allegations of the complaint must be taken as true and all reasonable infer-

ences must be indulged in favor of the plaintiff. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Dewell v. Lawson*, 489 F.2d 877 (10th Cir.1974). A complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The question is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Though this court is willing to give the plaintiff the benefit of every doubt in judging defendants' motion to dismiss, the court will not hesitate to dismiss plaintiff's complaint if he fails to allege deprivation of a constitutional right. As the Honorable Judge Earl O'Connor recently noted in *Taylor v. Nichols*, 409 F.Supp. 927, 932 (D.Kan.1976), *aff'd*, 558 F.2d 561 (10th Cir. 1977):

> A dispute regarding the alleged deprivation of such a constitutional right is necessary because it is an express prerequisite of federal jurisdiction under 28 U.S.C. § 1343.... It should be clear, however, that the standard for dismissal ... does not become operative unless a privilege or right secured by the Constitution is identified and put into issue by the allegations of the complaint; that is, *if* the denial of a specific constitutional right is alleged, the action should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

In *Taylor* the court noted that the protection accorded to individual freedoms and liberties by sections 1983 and 1985 are not without limits. The court stated that while the Civil Rights Act confers a right of action sounding in tort upon an individual whose rights are trespassed upon by any person "acting under color of state law" or by any group of people acting in conspiracy, it is clear that not all violations of

state law arise to the level of a "constitutional tort" for the purposes of the civil rights statute. *Id.* at 933. The court further stated that "[a]n individual's right to have the relevant state laws strictly obeyed is not a federal right protected by the Civil Rights Act of 1871 or the Constitution of the United States. [cites omitted] Nor does the Civil Rights Act provide a remedy for mere common law torts, even when committed 'under color of state law.'" *Id.* It is well settled that courts are to be alert for possible abuse of the Civil Rights Act in alleging rights derived purely from state law and incident to state law rather than federal citizenship. *Id.*

The court will address each of the plaintiff's bases which confer jurisdiction upon this court. The plaintiff first claims that jurisdiction is founded on 42 U.S.C. § 1981. A valid claim of racial discrimination is a prerequisite to a cause of action under 42 U.S.C. § 1981. *Phillips v. Fisher,* 445 F.Supp. 552, 555 (D.Kan.1977). Title 42 U.S.C. § 1981 provides in part: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens...."

■ While the court recognizes that the protection of section 1981 has been extended to whites, *McDonald v. Santa Fe Trail Transportation,* 427 U.S. 273, 287, 96 S.Ct. 2574, 2582, 49 L.Ed.2d 493 (1975), there must be allegations that defendant violated plaintiff's rights by discriminating against plaintiff on the basis of his race being white, which is protected by law. In reading plaintiff's complaint, the court finds no such allegation that plaintiff has been discriminated against by defendants because he is white. Rather, paragraph 13 of plaintiff's complaint states that he was discriminated against by defendants because he is a black man's lawyer, in violation of section 1981. The court finds this allegation does not state a cause of action under section 1981. In plaintiff's memorandum in opposition to defendants' motion to dismiss, he states that the defendants' conduct is in-

separably linked to plaintiff's association with members of another race, thus going to the very heart of section 1981. The plaintiff cites *Members of Bridgeport v. City of Bridgeport,* 85 F.R.D. 624, 650 (D.Conn.1980) in support of his proposition. The court finds that plaintiff's argument is without merit. The court finds that the decision in *Members of Bridgeport* is inapposite to the case at hand. The plaintiffs in *Members of Bridgeport* were themselves minorities. The court finds that in this case, plaintiff is a white male who alleges discrimination on the basis of his association with black persons. This allegation standing alone, does not state a cause of action for jurisdiction under section 1981. As the Honorable Judge Theis held in *Phelps v. Washburn,* 634 F.Supp. 556 (D.Kan.1986), "The Court holds that plaintiffs' vicarious minority theory does not state a cause of action because the Phelps are not a protected group under section 1981." *Id.* at 571. Similarly, the court finds no line of cases which state that a plaintiff's association with minorities, "a black man's lawyer," states a cause of action under section 1981.

■ The court will next address plaintiff's claim that this court has jurisdiction pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants' conduct defaming plaintiff has interfered with his liberty interest and his later opportunity for employment, thus entitling him to a cause of action under section 1983. Further, plaintiff alleges that defendants' conduct in publishing the articles was done with racial motivation due to his association with members of the black race, resulting in denial of plaintiff's equal protection of the laws. The court finds that plaintiff's claim of jurisdiction under section 1983 equally to be without merit.

The court finds the United States Supreme Court's decision in *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1975) controlling on the issue of plaintiff's liberty interest. In *Paul v. Davis,* the court stated that defamation, standing

alone, did not deprive plaintiff of any "liberty" protected by the guarantees of the fourteenth amendment. *Id.* at 709, 96 S.Ct. at 1164. The court went on to state that:

Rather [the plaintiff's] interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions. And any harm or injury to that interest, even where as here inflicted by an officer of the State, does not result in a deprivation of any "liberty" or "property" recognized by state or federal law, nor has it worked any change of respondent's status as theretofore recognized under State's laws. For these reasons we hold that the interest in reputation asserted in this case is neither "liberty" nor "property" guaranteed against state deprivation without due process of law.

*Id.* at 712, 96 S.Ct. at 1165–1166.

■ Similarly, the court finds that plaintiff's liberty interests have not been violated in this case. Damage to plaintiff's reputation, if any, due to the publication of the articles does not state a cause of action under section 1983. The court holds that damage to plaintiff's reputation, without an accompanying loss of employment, or an opportunity for future employment, does not state a cause of action for a violation of plaintiff's liberty or property interests. As the court previously stated, the decision in *Taylor v. Nichols,* 409 F.Supp. 927, 934 (D.Kan.1976) definitively states that:

[I]t is well established that libel or slander by a state official—even if malicious—does not generate a cause of action under the federal civil rights statutes, for the right to be free of defamation and to secure redress for its infliction is within the province of state law and is not an incident of federal citizenship.

*Id.* at 934.

The court in *Taylor* stated that even if they accepted the plaintiff's allegation of injury to his reputation, it concluded that such injury does not rise to the level of a constitutional tort for which the Civil Rights Act provides a remedy. *Id.* The court's finding in *Taylor* is equally applicable here. Even in accepting plaintiff's allegation of damage to plaintiff's reputation, the court finds that plaintiff has alleged no allegation which rises to a deprivation of his federal constitutional rights. As far as plaintiff's claim as to a deprivation of his property interests, the court finds that plaintiff has alleged no injury to his entitlement to practice law. The court finds that injury to his reputation, without loss of employment, or specific allegations as to how plaintiff's law practice has been injured, does not state a cause of action for deprivation of plaintiff's property interests. *See State of Missouri ex rel. Gore v. Wochner,* 620 F.2d 183, 185 (8th Cir.1980).

■ At this point, the court also finds that the plaintiff's allegations as to defendant Harley's violation of Supreme Court Rule 222 does not rise to the level as to be equated with a denial of the plaintiff's constitutional rights. The court in *Wochner* stated that, "[r]ights which derive solely from state law, however, cannot be the subject of a claim for relief under 42 U.S.C. § 1983." *Id.* at 185. The court further stated that only when a violation of state law results in impingement on a federally protected right can a cause of action be said to exist. *Id. See also Taylor v. Nichols,* 409 F.Supp. at 933; *Bottone v. Lindsley,* 170 F.2d 705 (10th Cir.1948).

■ Plaintiff alternatively argues that defendants conduct in publishing the articles was done with racial animus, therefore denying plaintiff equal protection of the laws on account of his association with members of the black race. The court finds that the single reference by plaintiff to one of the article's descriptions of Phelps as the black man's lawyer is not sufficient to state a violation of the equal protection clause.

The plaintiff cites the decision in *Harris v. Harvey,* 436 F.Supp. 143, 150 (E.D.Wis. 1977) for support in finding that the complaint sufficiently states an allegation of

equal protection. The court notes that in *Harris v. Harvey,* the plaintiff was black and the defendants were white. In *Harvey* the court found that there was enough proof to find that there was an issue whether defendant's acts were motivated by racial discrimination, therefore making summary judgment inappropriate. The court recognizes that the decision in *Harvey* does stand for the proposition that "[a]n individual who has suffered injuries as a result of unjustified invidious discrimination may be able to establish an equal protection violation regardless whether such injuries rise to the level of deprivation of life, liberty, or property." *Id.* at 150.

While the injuries alleged by plaintiff in this case (injury to reputation and deprivation of opportunities for future employment) are sufficient to state a claim, the required element of racially discriminatory treatment is lacking and thus fails to support a claim based on denial of equal protection of the laws. The only allegations made by plaintiff relate to his association with blacks as well as his religious affiliation. The court finds that those allegations are insufficient to support a cause of action under the equal protection clause. Further, the court finds that the plaintiff fails to state in what manner he has been deprived of equal protection of the laws. The court will not deny a motion to dismiss in a case in which the plaintiff's allegations rest on mere conclusory statements without any factual support. The court therefore finds that plaintiff's cause of action in the court's jurisdiction based under section 1983 should be dismissed.

The court also notes that the plaintiff states that section 1983 is applicable because defendants' actions were done in concert with defendant Harley who was a former Assistant State Attorney General. Plaintiff contends that the only reason the other defendants received and used the information stated in the articles was due to defendant Harley's position in the state government enabling him to have access to the information. Plaintiff contends Harley misused his power by virtue of state law and made possible such publication. The

plaintiff thus concludes that defendants' conduct was done under color of state law. The court finds that it is unnecessary to determine whether the acts alleged were done under color of state law. As the court has stated in *Sorenson v. Zapien,* 455 F.Supp. 1207, 1209 (D.Colo.1978), something more than simple defamation must be alleged to state a cause of action under section 1983. "The Civil Rights Act does not provide a remedy for mere common law torts, even if they are committed under color of state law." *Id.* Similarly, the court finds that even if these acts were done under color of state law, the plaintiff has still failed to state a cause of action under section 1983.

■ The plaintiff further makes an allegation that his first amendment rights have been violated. The court finds that that claim may be summarily dismissed. The decision in *Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 1165–66, 47 L.Ed.2d 405 (1975) is conclusive in finding that plaintiff's complaint fails to state a cause of action under the first amendment. Paragraph 13 of plaintiff's complaint states that defendants' conduct deliberately discriminated against plaintiff because he is a black man's lawyer and a Baptist preacher lawyer, in violation of the first amendment. In reading plaintiff's complaint, the court finds that these allegations do not state a cause of action under the first amendment. These allegations in no way state a possible cause of action for denial of plaintiff's right to associate with minorities, nor can defendants' actions, as alleged in plaintiff's complaint, be seen to deprive plaintiff of his freedom of speech.

The decision in *Paul v. Davis* makes clear that plaintiff's right of privacy, as alleged in this action, is not within the zones of privacy recognized by the United States Supreme Court. The Court in *Paul* stated that personal rights found within the guarantee of the first amendment must be limited to fundamental rights such as matters relating to marriage, procreation, child rearing, and education. *Id.* at 713, 96

S.Ct. at 1166. As in *Paul,* plaintiff's claim that the state may not publicize a record of an official act such as plaintiff's disciplinary action, is not within the sphere of the zone of privacy protected by the first amendment. The court therefore finds that plaintiff's claim pursuant to the first amendment should be dismissed.

■ The court also holds that plaintiff has not stated a separate cause of action under the fourteenth amendment of the constitution. In *Valdez v. Kansas Department of Social & Rehabilitation Services,* No. 76-24-C5 (D.Kan., *unpublished,* Apr. 23, 1980), this court held that there is no separate cause of action under the fourteenth amendment when Congress has specifically afforded plaintiff a means of redress. The court finds that section 1983 of the Civil Rights Act is an alternative remedy for an action under the fourteenth amendment. Therefore no private cause of action is stated under the fourteenth amendment. *See also Vakas v. Rodriguez,* No. 82-1589 (D.Kan., *unpublished,* Aug. 27, 1982).

Plaintiff also makes allegations in his complaint that the court's jurisdiction is based on an action pursuant to section 1985 for conspiring to violate Rule 223 of the Kansas Supreme Court. Plaintiff claims that a violation of Rule 223 was motivated by a race and religion animus in hopes of defaming plaintiff and invading plaintiff's privacy. To state a cause of action under 42 U.S.C. § 1985, it is necessary for plaintiff to allege that the defendants conspired for the purpose of depriving plaintiff or the class to whom he belonged of equal protection of the law, equal privileges and immunities under the law, or rights guaranteed by federal law or federal constitution. *See Taylor v. Nichols,* 558 F.2d at 567.

■ In light of the court's finding that plaintiff's allegations fail to state a cause of action for a denial of equal protection or equal privileges and immunities guaranteed by the federal constitution or a violation of federal laws, the court can summarily dismiss plaintiff's claim under 42 U.S.C. § 1985. The court wishes to note, however, that even if defendants conspired together to violate Rule 223 of the Kansas Supreme Court, such a violation would not elevate that act to a violation of a right guaranteed by federal law or the federal constitution. The court finds it unnecessary to discuss the elements needed to state a cause of action for conspiracy under section 1985 in view of the fact that no right has been violated. The court additionally finds that it is unnecessary to respond to defendant Harley's claim that he is immune from suit because of his status as former Assistant State Attorney General. Similarly, the court finds it superfluous to address defendant Eagle-Beacon and its employees' discussion of plaintiff's claim of defamation at this time.

■ Defendants have also filed a motion to dismiss plaintiff's amended complaint which states an additional theory of recovery under the civil RICO Act. Defendants base their motion to dismiss plaintiff's amended complaint on the ground that the amended cause of action under RICO is time-barred by K.S.A. 60-513(a)(3), the statute of limitations for fraud. Such statute limits actions brought for fraud to two years from the date in which the fraud was discovered. Clearly, if the amended complaint does not relate back to the initial pleading filed by the plaintiff, plaintiff's cause of action under RICO would be time-barred.

The court is guided by the decision in *Bradberry v. International Brotherhood of Firemen and Oilers, Local No. 1086,* No. 79-4149, slip op. at 1-3 (D.Kan., *unpublished,* Feb. 2, 1981). In that case the Honorable Judge Richard Rogers allowed plaintiff to amend his complaint to add an additional cause of action under the Civil Rights Act, pursuant to 42 U.S.C. § 1981. Plaintiff's original complaint had alleged that defendants had discriminated against him on the basis of race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq.* In so granting, Judge Rogers was guided by Rule 15(c) of the Federal Rules of Civil Procedure. Rule 15(c) provides in pertinent part that:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *Id.* at 2.

The court notes the true test underlying the language in Rule 15(c) is one of adequate notice so that the defendant may have a reasonable opportunity to prepare a defense. In *Bradberry* the court found that plaintiff's amended complaint alleged no new factual allegations, but simply added a cause of action and another area of available relief. The court therefore granted plaintiff's motion to amend. The court's decision in *Bradberry* can be used as analogous support for denying defendants' motion to dismiss plaintiff's amended complaint. The court finds that while plaintiff's amended complaint alleges additional facts and violations, such as mail fraud and use of interstate phone wires to publish such articles, the court finds that the RICO claim arises out of the same transactions and occurrences as alleged in plaintiff's original complaint. The court therefore finds that for purposes of the statute of limitations, plaintiff's amended complaint does relate back to the filing of plaintiff's original complaint on March 7, 1983, thus not barring plaintiff's claim under RICO, 18 U.S.C. § 1962. *See, e.g., Bradberry v. Dennis,* 368 F.2d 905, 908 (10th Cir.1966); *Junso Fujii v. Dulles,* 224 F.2d 906, 907 (9th Cir.1955).

▇▇▇ The court will next address defendants' contention that plaintiff's amended complaint fails to state a claim under 18 U.S.C. § 1962. To state a claim under RICO, a plaintiff must allege (1) that the defendants (2) through the commission of two or more acts (3) constituting a "pattern" (4) of "racketeering activity" (5) directly or indirectly invested in, or maintained an interest in, or participated in (6) an "enterprise" (7) the activities of which affect interstate or foreign commerce. 18 U.S.C. § 1962(a)-(c). *See Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2nd Cir.1983);

*Nupower, Inc. v. Litwin,* No. 83–1405, slip op. at 2 (D.Kan., *unpublished,* Apr. 16, 1985).

In paragraph 15 of plaintiff's amended complaint, plaintiff alleges that defendants are ongoing enterprises: a newspaper, a state government agency, and individual law practices, which affect interstate commerce, and that said enterprises have been infiltrated by racketeering activity. Plaintiff further alleges that said wrongful conduct of defendants constitutes a pattern of racketeering activity as defined by the RICO Act, consisting of acts utilizing the United States mails and interstate phone wires in executing or attempting to execute a scheme or artifice to defraud plaintiff. Plaintiff alleges that these aforementioned acts constitute offenses under the mail or wire fraud statutes of the United States. Finally, plaintiff alleges that plaintiff has been injured in his business or property by reason of said violations.

While the decision in *Sedima v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 July 1, 1985, a decision cited by plaintiff, does stand for the proposition that plaintiff may successfully bring a RICO action without alleging prior conviction of criminal acts, *See* 53 U.S.L.W. at 5036–37, the decision is not conclusive as to whether plaintiff has stated a cause of action under RICO. In fact, the Supreme Court in *Sedima* stated that the court was not entertaining the question as to whether the defendants committed the requisite predicate acts or whether the commission of these acts fell into a pattern as required to state a cause of action under RICO.

In resolving those issues, the defendants directed the court's attention to the decision of *Northern Trust Bank/O'Hare v. Inryco, Inc.,* 615 F.Supp. 828 (N.D.Ill.1985). In *Northern Trust Bank,* the court defined the term "pattern of racketeering" as requiring at least two acts of racketeering activity. *Id.* at 831. The court interpreted the earlier decision in *Sedima* to require that a plaintiff allege continuity plus relationship to establish a pattern of racketeering activity. It requires, for example, two

or more acts of mail fraud to state a cause of action. *Id.* at 833. The court explained that the implication of *Sedima* is that while two acts are necessary, that in itself may not be sufficient as two of anything do not generally form a pattern. The court went on to look at the allegations in the complaint at issue and found that paragraph 15 of plaintiff's complaint, which alleged involvement of the use of the mails, specifically three kick-back payments, still implemented the *same* fraudulent scheme as the first two mailings and the single scheme does not appear to establish the necessary "pattern of racketeering activity." *Id.* at 833.

The recent decision in *Professional Assets Management, Inc. v. Penn Square Bank,* 616 F.Supp. 1418 (W.D.Okla.1985) also supports such an interpretation. The court in *Penn Square Bank* stated that RICO does not apply to every pattern of racketeering activity; the gravamen of a RICO violation is "the *conduct of an enterprise through* a pattern of racketeering activity." *Id.* at 1420. (emphasis in original) (citing *United States v. Phillips,* 664 F.2d 971, 1011 (5th Cir.1981)). The court in *Professional Assets Management* found that while many constituent actions were necessary to prepare the audit report alleged, it was only a single unifying transaction. The court said that viewed in the light most favorable to the plaintiff, the complaint was insufficient. The court cited the decision of *Northern Trust Bank/O'Hare v. Inryco, Inc.,* for its holding which stated, "[i]t places a real strain on the language to speak of a single fraudulent effort, implemented by several fraudulent acts, as a 'pattern of racketeering activity.'" 616 F.Supp. at 1421 (quoting *Northern Trust Bank,* 615 F.Supp. at 833).

In viewing plaintiff's amended complaint in a light most favorable to the plaintiff, the court finds that the acts alleged involving mail and wire fraud do not state a pattern of racketeering activity as required by section 1962. The court finds that while many acts may have been undertaken to accomplish publication of said articles, the plaintiff alleges a single fraudulent effort.

The acts alleged by plaintiff in plaintiff's amended complaint comprise several telephone conversations and mailings in furtherance of a single ongoing scheme to publish articles about the plaintiff. The court therefore finds that plaintiff's amended complaint alleging a violation of the RICO Act, 18 U.S.C. § 1962 should be dismissed.

The court finds it unnecessary to address plaintiff's pendent state law claims, as no diversity jurisdiction is alleged. In conclusion, the court therefore finds that it has no jurisdiction to hear plaintiff's pendent state law claims.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss plaintiff's complaint is hereby granted. IT IS FURTHER ORDERED that defendants' motion to dismiss plaintiff's amended complaint is hereby granted. IT IS FURTHER ORDERED that defendants' motion for sanctions is hereby denied.