213 So.2d 796

Eula Mae RILEY

v.

Richard PERKINS.

5 Div. 837.

Supreme Court of Alabama.

Aug. 22, 1968.

———◇———

Goodwyn, Smith & Bowman, Montgomery, for appellant.

Reneau & Reneau, Wetumpka, for appellee.

PER CURIAM.

Appellant, by certiorari, presents for review of this court a proceeding originating in the circuit court of Elmore County, wherein, she, as the surviving widow of Adolphus Riley, sought to collect Workmen's Compensation for the death of her husband. The petition for relief was denied.

It appears from the evidence that Adolphus Riley was employed by appellee at the time of his injury as a common laborer. He was injured on November 24, 1964, and died as a result of said injuries on December 29, 1964.

It also appears that the deceased, while and during the course of his employment, had been to Montgomery, Alabama, with other employees of appellee, to get a truckload of cotton seed meal for transportation to the premises of Elmore County Farmers' Exchange Warehouse in Wetumpka, Alabama. When they reached the premises, the employees, engaged in the delivery, undertook to unload the meal.

The deceased, in such undertaking, was using a two-wheel cart that had to be pushed with the load of meal. While pushing the truck or cart, the deceased employee slipped, fell and broke his ankle.

A physician set the broken bone and put the ankle in a cast to give it strength and a correct position while healing. A blood clot resulted from the encasement, and travelled to the patient's heart. Death resulted.

A pivotal question or contention for decision is, whether or not the employee, at the time of the accident while engaged in the unloading process, was engaged in an activity that arose out of and in the course of his employment. Code of 1940, Title 26, § 253 et seq., as amended; Deaton Truck Line, Inc. v. Acker, 266 Ala. 611, 98 So.2d 429(1).

Appellee contends that it is the custom in this type of business for the purchaser of the products to unload them from the truck, and that it is not the custom of the seller to assume the responsibility for such unloading. Defendant (appellee) testified as to such custom; also, that he did not give instructions to these employees to unload the meal from the truck; and that he had no knowledge that these men were going there. Appellee further contends the employees on the occasion were acting outside of their authority in unloading the truck, and that the accident did not arise out of and in the course of the men's employment in unloading the meal. We quote the following from appellee's brief:

"In the instant case, the deceased and the other men with him voluntarily took it upon themselves to unload the meal from the truck. According to the evidence as found by the trial judge this was done contrary to the business custom of the defendant and without his instructions or knowledge. Therefore, the deceased was not acting in the line and scope of his employment at the time of his injury nor did the accident arise out of and in the course of his employment."

We also quote the following from the opinion of the trial court:

"Paragraph 4 of the complaint avers that on November 24, 1964, the deceased was engaged in loading a truck at the defendant's gin and warehouse located in Wetumpka, Alabama, and that while engaged in said loading operation his leg and ankle was (sic) broken and fractured The Court specifically finds that this allegation was not proven and that the accident which caused the injury to the deceased occurred on the premises of the Elmore County Farmers Exchange warehouse. The evidence was undisputed in this respect. The Court further specifically finds that at the time of the accident the deceased was not engaged in furthering the business of the defend-

ant and was not acting within the line and scope of his employment. * * *"

We cannot agree with the trial court in its position that the deceased was not engaged, at the time of his injury, in an activity that arose out of and in the course of his employment, if that was the intention of the court, although the phrase, "was not acting within the line and scope of his employment," was used.

■ The Workmen's Compensation Act, being remedial in nature, should be given liberal construction to accomplish the beneficent purposes, and all reasonable doubts must be resolved in favor of the employee. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380(2).

■ The Workmen's Compensation statutes create rights and remedies and procedures all their own. Crider v. Zurich Ins. Co., 5 Cir., 348 F.2d 211, cert. den. 382 U.S. 1000, 86 S.Ct. 586, 15 L.Ed.2d 487.

The Workmen's Compensation Act must be liberally construed and all reasonable doubt resolved in favor of the employee. Mobile Liners v. McConnell, 220 Ala. 562, 126 So. 626.

In the instant case, the deceased and the other three employees were engaged in an activity that required a marked degree of muscular strength for performance. Only reasonable judgment, but not a marked degree of mental training or development, was needed. The employees might be classified as manual laborers.

When they drove up to the point of delivery, which was a ramp, not being instructed otherwise, the natural assumption was that they were to complete the delivery by unloading the meal. They probably never heard of any law relating to custom. To charge the deceased with implied knowledge of a custom for the purchaser to do the unloading, would defeat the beneficent purpose of the law in its application to the activity here involved.

We observed in Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666(6), as follows:

"* * * The phrase 'in the course of his employment' refers to the time, place, and circumstances under which the accident took place. An injury to an employee arises in the course of his employment when it occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incident to it. * * *"

In Ex parte Terry, 211 Ala. 418, 100 So. 768(1), is the following:

"The effect of these and other well-considered cases is to firmly establish the principle, based of course upon the theory of a liberal rather than a strict or narrow construction, that an employe's injury may be properly held to have arisen out of his employment notwithstanding that the act or conduct of the employé to which the injury is proximately referable was not within the scope of his authority nor strictly within the line of his duty, provided it was reasonably related to the service he was employed to render and was in good faith done or undertaken in furtherance of the employer's business; and notwithstanding, also, that the injury in question was not one of the anticipated risks of the service."

■ We have no way of knowing the mental process of the deceased's mind in unloading the meal, but certainly he was not lazy or indifferent to work at the time. He was not told by the employer to perform this particular service, namely, unloading the meal, but we cannot say that it was not reasonably related to the service he was employed to do, that is, to deliver the meal to the premises of the purchaser. It may not have been strictly within the scope of his authority, as established by custom, according to the contention of appellee, but he certainly was

acting in good faith, and was undertaking to perform a service in furtherance of appellee's business. We cannot see that he was performing the service for his own accommodation or health. It was not an anticipated risk of service.

We note that § 270, Title 26, Code 1940 (Recompiled Code 1958), sets forth certain defenses, including the "wilful breach of a reasonable rule or regulation of his employer, of which rule or regulation the employee has knowledge." Nothing is said about violation of a custom.

It certainly would not comport with the beneficent purposes of the Workmen's Compensation Law of our State to penalize the widow by holding that her husband was not obedient to a custom, if there were such a custom, in the performance of a service that was closely identified with or related to the activity he was employed to perform. We do not think that the alleged custom should serve as a barrier to the collection of compensation under the circumstances here presented.

Appellee contends that there is a fatal variance between the complaint and the proof. It is alleged that the accident occurred at the defendant's gin and warehouse located in Wetumpka, Alabama, while the proof revealed that it occurred at the Elmore County Farmers' Exchange warehouse. Both places are located in Wetumpka.

There was a variance, but we do not agree that it was fatal. It affirmatively appears in defendant's (appellee's) answer that defendant had knowledge of the place of injury, and that it occurred at the Exchange, as shown by the proof. We think that accurate averment of the place of injury and proof thereof were unnecessary in a complaint of this nature where it is shown by answer that defendant was informed of the place of injury. No question of fatal variance arises. American Radiator Company v. Andino, 217 Ala. 424, ance with technical rules and precision as

116 So. 121(1). We also note that complito pleading is not required in actions under the Workmen's Compensation statutes. Code 1940, Title 26, Section 253 et seq., as amended. See also Vol. 19A Alabama Digest, Workmen's Compensation, ⊜1318.

We hold that the judgment of the trial court freeing defendant from liability should be reversed and the cause remanded for further consideration and proceedings. It is so ordered.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.