I concur in the decision upon the appeal and cross appeal in all respects except as to the holding that the employer's insurer may not be sued directly by a claimant when there is a clause in the policy authorizing a direct suit. The majority relies upon § 25-5-53, Code of Ala. 1975, to exclude a direct suit against the insurer. I do not so interpret that statute. I believe it clear that § 25-5-53 only excludes former rights and remedies for the injury or death, and provides in lieu thereof an exclusive and new cause of action with limited recovery by workmen from an employer. There is no reason why it should be construed to restrict an agreement between the employer and his insurer permitting the employee to sue the insurer directly if he so desires.
To do so does not conflict with the intent and purpose of §25-5-8 (f)(4). That statute provides a procedure for the benefit of the *Page 847 
employer by which he may released not only as a party but from further liability except in the event of insolvency of the insurer or insufficiency of the amount of coverage. The contractual provision allowing direct suit against the insurer is not binding upon the claimant. If he chooses to take advantage of it, he does not thereby release the employer from liability. To sue the insurer directly does not affect the claimant's right or remedy. He still must pursue the right and remedies provided by the act. The claimant is better off if he sues an insurer directly as beneficiary of the provisions of the policy than he would be having to sue the insurer if the employer forced him to by complying with § 25-5-8 (f)(4). To interpret the act as the majority is contrary to the mandate for liberal construction. Riley v. Perkins, 282 Ala. 629,213 So.2d 796 (1968). I therefore respectfully dissent from the stated portion of the court's decision.