**Thomas PAPAGIANNIS, et al., Plaintiffs,**

v.

**John PONTIKIS, et al., Defendants.**

No. 85 C 09474.

United States District Court, N.D. Illinois, E.D.

Nov. 15, 1985.

█

Jerome F. Crotty, Rieck & Crotty, P.C., Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Thomas and Angie Papagiannis ("Papagiannises") and Nicholas Saltouros ("Saltouros") have sued John Pontikis ("Pontikis") and Gus Hormovitis ("Hormovitis"), individually and doing business as J & J Petroleum Co. ("J & J"), Milton Marks ("Marks"), individually and as agent of Continental Energy Corporation ("Continental"), and Continental itself, each plaintiff claiming to have been bilked by defendants in oil well investments. Because the Complaint represents an impermissible joinder of separate claims, this Court sua sponte directs plaintiffs' counsel to elect on or before November 25, 1985 which plaintiffs' claims to dismiss (without prejudice), failing which the entire Complaint will be dismissed (also without prejudice).

Papagiannises allege they were fraudulently induced to purchase from Marks, through solicitation by Pontikis and Hormovitis, a working interest in Oil Well No. 13 drilled on an oil and gas leasehold. Saltouros makes like allegations as to a working interest in a different well (Oil Well No. 12) on the same leasehold. Each entered into a separate purchase contract at a different time (the deals were made eight days apart). Each of the plaintiffs asserts claims under Securities Act of 1933 ("1933 Act") § 12(2) (Count I as to Papagiannises, Count IV as to Saltouros), 1933 Act § 17(a)(2) (Count II as to Papagiannises, Count V as to Saltouros), 1933 Act § 12(1) (Count III as to Papagiannises, Count VI as to Saltouros) and the Illinois Blue Sky Laws (Count XI as to Papagiannises, Count XII as to Saltouros). Though the nature of the alleged misrepresentations to each investor was much the same, and that may reflect a pattern of conduct by defendants (more of this later), nothing in the Complaint even hints at any linkage between the plaintiffs or between the making of the separate representations to each.

Saltouros also complains of a similar and earlier scam by J & J (about one and one-

half months before he bought into Oil Well No. 12), resulting in Saltouros' purchase of an interest in a wholly different well on a wholly different leasehold. On that investment Saltouros invokes 1933 Act §§ 12(2) and 17(a)(2) (Count VII), 1933 Act § 12(1) (Count VIII) and the Illinois Blue Sky Laws (Count XIII). Finally Saltouros charges he was fraudulently induced to purchase shares of Continental in still another transaction, this time claiming under 1933 Act §§ 12(2) and 17(a)(2) (Count IX) and the Illinois Blue Sky Laws (Count XIV).

 Only Complaint Count X seeks to join the threads of those disparate claims. Not surprisingly in today's litigation climate, Papagiannises and Saltouros have selected the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968 as their point of intersection.[1] But (also unfortunately not surprisingly) their counsel appears not to have thought through the conceptual underpinnings for civil RICO claims:

1. One essential ingredient of every such claim is a "pattern of racketeering activity."[2] *Sedima, S.P.R.L. v. Imrex Co.,* — U.S. —, 105 S.Ct. 3275, 3285 n. 14 and 3287, 87 L.Ed.2d 346 (1985).

2. Though the "pattern" requirement has been and continues to be seriously misinterpreted despite the Supreme Court's signposts in *Sedima,*[3] it is clear that a malefactor's perpetration of fraudulent activities on more than one victim, while following the same modus operandi, is indeed a "pattern" for RICO purposes. *United States v. Yonan,* 622 F.Supp. 721, 728 (N.D.Ill.1985); see *Inryco,* 615 F.Supp. at 831–33.

3. What that means is that each victim can sue the RICO violator, adducing *evidence* of the offense against the other victim to meet the proof requirements of the statute as to a "pattern." But whether the victims can sue *together* remains a function of Fed.R.Civ.P. ("Rule") 20(a), which governs the joinder of plaintiffs in a single lawsuit.

 Once the just-stated principles are understood, the situation here need not detain us long. In Rule 20(a) terms, the cozening of Papagiannises and Saltouros certainly did not involve the "same transaction [or] occurrence." And the situation also does not present the "same ... series of transactions or occurrences," for that characterization does not fairly apply to two victims' wholly separate encounters with a confidence man simply because he follows the same routine in cheating each of them.[4] Though the allegedly fraudulent scheme may have been the same as to both victims, face-to-face fraud (as contrasted for example with a securities prospectus misrepresentation) necessarily requires individualized proof.

Thus joinder of the present claims would not satisfy the Rule 20(a) goal of "permit[ting] all reasonably related claims for relief by ... different parties to be tried in a single proceeding," *Mosley v. General Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974). Plaintiffs' situation is akin to

---

1. Would any self-respecting plaintiffs' lawyer omit a RICO charge these days?

2. This opinion's silence as to the other RICO elements involves no implication either way as to whether or not they have been met by Count X. It is simply premature to address the subject in its entirety.

3. In *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831–33 (N.D.Ill.1985) this Court discussed at some length the obvious message conveyed by the Supreme Court's plainly deliberate insertion of its dicta (cited in the text of this opinion) as to the meaning and significance of the "pattern" requirement. In that

light, it is startling to read such an opinion as that just written by one of the elder statesmen of the federal judiciary, Senior Circuit Judge John Minor Wisdom, *R.A.G.S. Couture, Inc. v. Hyatt,* 774 F.2d 1350 (5th Cir.1985). As Judge Wisdom and his colleagues on the panel view it, any two related mailings are *still* enough for a "pattern"—the opinion wholly ignores the concept of "continuity" of criminal activity emphasized by Congress and the Supreme Court.

4. It is as though two persons who fall, wholly independently, for the classic "pigeon drop" swindle two weeks apart were to characterize those swindles as the "same ... series of transactions or occurrences."

that in which Rule 20(a) joinder was rejected in *Sun-X Glass Tinting of Mid-Wisconsin, Inc. v. Sun-X International, Inc.*, 227 F.Supp. 365, 373–75 (W.D.Wis.1964); and see *Saval v. BL Ltd.*, 710 F.2d 1027, 1031–32 (4th Cir.1983).

Accordingly Papagiannises and Saltouros have impermissibly joined forces as plaintiffs. They are given until November 25, 1985 to amend the Complaint by dropping the claims of one or the other (without prejudice, of course to the refiling of those claims in another lawsuit), failing which the present Complaint will be dismissed in its entirety (again without prejudice).