**Arthur J. PETRIE, Plaintiff,**

v.

**UNITED BANK OF SKYLINE, NATIONAL ASSOCIATION, Defendant.**

Civ. A. No. 86 F 1205.

United States District Court, D. Colorado.

Jan. 7, 1987.

Russell E. Vigil, Denver, Colo., for plaintiff.

Jeffrey A. Chase, Denver, Colo., for defendant.

### ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the Court on defendant's Motion to Dismiss for Failure to State A Claim and Motion Pursuant to 28 U.S.C. § 1927 and Rule 11 Fed.R. Civ.P. for Attorneys' Fees. The Motion was filed on July 7, 1986, in response to

this Court's Order. The parties filed briefs setting forth their respective positions. For the reasons expressed herein, the Motion to Dismiss is GRANTED. Defendant's Motion Pursuant to 28 U.S.C. § 1927 and Rule 11 Fed.R.Civ.P. is DENIED.

## I.

In late 1981, plaintiff and several others entered into a partnership. The partnership borrowed money from defendant to develop real estate in Vail, Colorado. As a result of construction and development difficulties, additional sums were borrowed. The total principal indebtedness amounted to $485,000.00. Plaintiff alleges that defendant's loan officer assured him that he would not be personally liable on the note. The parties exchanged numerous letters, other materials and telephone calls about this subsequent loan. Complaint, at ¶ 46–47, and 49. The debtors defaulted on the loan, and defendant foreclosed on the real estate to secure the loan. Defendant purchased the property at the foreclosure sale for $485,000.00, the face amount of the note. That left a $51,000.00 deficiency, which represented accrued interest, penalty interest, late charges, and attorneys' fees. Defendant filed a civil action in Denver District Court for the deficiency. On December 8, 1985, defendant obtained a summary judgment against plaintiff in the amount of $71,212.00 (the total amount of the deficiency and accrued interest) plus attorneys' fees. Plaintiff then commenced this suit against defendant. He alleges that defendant's underlying scheme was to defraud him by inducing him to sign the $485,000.00 promissory note and then obtain a deficiency judgment.

Plaintiff filed the Complaint in this action on June 16, 1986, alleging violations of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1961 *et seq.* The first claim is brought under Section 1962(c); the second claim is based on Section 1962(a). Jurisdiction is asserted under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331.

## II.

Defendant has moved for dismissal of plaintiff's RICO complaint pursuant to Fed. R.Civ.P. 12(b)(6).

A. Relief under 18 U.S.C. § 1962(c).

To state a claim under 18 U.S.C. § 1962(c), plaintiff must show defendant's (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Plains Resources, Inc. v. John R. Gable,* 782 F.2d 883 (10th Cir.1986). Compliance with the first two elements is not at issue here. For the purposes of this motion, we will assume *arguendo* the existence of "racketeering activity". Plaintiff has alleged that defendant has committed numerous acts of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. Accordingly, we turn to the question of whether plaintiff has sufficiently alleged a "pattern" of racketeering activity.

As defined by 18 U.S.C. § 1961(5), a " 'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity". The pattern requirement has been further defined by the Supreme Court in *Sedima:*

As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity", § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern". As the Senate Report explained: "The target of (RICO) is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a

pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). *Sedima, supra,* 105 S.Ct. at 3285, n. 14.

Not surprisingly, courts have widely differed in their readings of "pattern" for RICO purposes. Several circuits have taken the position that any two acts of racketeering by the same enterprise, no matter how unrelated, establish the requisite pattern. *U.S. v. Ianniello,* 808 F.2d 184 (2nd Cir.1986); *Bank of America v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986); *United States v. Weisman,* 624 F.2d 1118 (2d Cir.), *cert. denied,* 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 91 (1980); *United States v. Bright,* 630 F.2d 804 (5th Cir. 1980). Although the Tenth Circuit has not ruled on this issue, courts in this district as well as other federal district courts in this circuit have taken the position that "[a] pattern of racketeering activity requires multiple criminal episodes or schemes, not simply multiple predicate acts to accomplish a single scheme". *J.L. Creech and M.V. Creech Corp. v. Federal Land Bank of Wichita, et al.,* 647 F.Supp. 1097, 1100–01 (D.Colo.1986) (citing *Kamin v. Colorado National Bank of Denver, et al.,* 648 F.Supp. 52 (D.Colo.1986)). *See also, Albert M. Garbade, Jr., et al. v. Great Divide Mining and Milling Corp.,* 645 F.Supp. 808 (D.Colo.1986); *Torwest DBC, Inc. v. Dick, et al.,* 628 F.Supp. 163 (D.Colo.1986), *appeal docketed,* No. 86–1450 (10th Cir. March 25, 1986); *Grant v. Union Bank, et al.,* 629 F.Supp. 570 (D.Utah 1986); *Phelps v. Wichita Eagle–Beacon, et al.,* 632 F.Supp. 1164 (D.Kansas 1986); *Professional Assets Management, Inc. v. Penn Square Bank, et al.,* 616 F.Supp. 1418 (W.D.Okla.1985); *Miller v. Calvin, et al.,* 647 F.Supp. 199 (D.Colo.1985).

Plaintiff's complaint does not reveal a pattern of racketeering activity. The Complaint sets forth only one fraudulent scheme, which was allegedly accomplished through numerous acts of wire and mail fraud. Complaint at ¶ 46–52. The underlying scheme was to defraud plaintiff by inducing him to sign the $485,000 promissory note and then obtain a deficiency judgment against him. While plaintiff has alleged several predicate acts, each of these acts is directed toward a single fraudulent scheme, a scheme to defraud. There is no continuity in this alleged plot and, therefore, no pattern of racketeering activity. *See Torwest, supra,* at 165.

Plaintiff suggests that he may satisfy the multiple transaction test by amending his complaint to include distinct allegations regarding the victimization of one of his partners, David Fales, by the same fraudulent loan scheme. Plaintiff argues that defendant's fraudulent activities involving more than one victim, while following the same scheme, is indeed a pattern for RICO purposes. In support of his argument, plaintiff cites *Papagiannis v. Pontikis,* 108 F.R.D. 177 (N.D.Ill.1985). Plaintiffs in *Pontikis* claimed to have been bilked by defendants in oil well investments. Each plaintiff entered into separate purchase contracts at different times. The court held that "though the nature of the alleged misrepresentations to each investor was much the same, and that may reflect a pattern of conduct by defendants ..., nothing in the Complaint even hint[ed] at any linkage between the plaintiffs or between the making of the separate representations to each". *Pontikis,* at 178. The court went on to hold that each victim could sue the RICO violator, using evidence of the offense against the other victim to satisfy the proof requirements as to a pattern.

The present situation and the circumstances of the *Pontikis* action are distinguishable. The instant case involves a partnership as opposed to two distinct individuals. The partnership entity borrowed money from defendant. When difficulties were encountered, the partnership borrowed additional funds. The partnership defaulted on the loan and defendant foreclosed on partnership property. From defendant's perspective, the loan was a single transaction. To allow plaintiff to artificially sever the partnership to meet the civil RICO requirements would extend the statute beyond its intended scope. Plaintiff's first claim for relief must be dismissed.

B. Relief under 18 U.S.C. § 1962(a).

Plaintiff's second claim is brought under 18 U.S.C. § 1962(a). Like § 1962(c), this

section also shares the common requirement of a "pattern of racketeering activity". The statute provides:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

Thus, it is illegal "to invest funds derived from a pattern of racketeering activity in an enterprise engaged in interstate commerce". *Albert M. Garbade, Jr., et al. v. Great Divide Mining and Milling Corp.*, 645 F.Supp. 808 (D.Colo.1986); *Torwest DBC, Inc. v. Dick, et al.*, 628 F.Supp. 163 (D.Colo.1986), *appeal docketed* No. 86–1450 (10th Cir. March 25, 1986).

The same acts of fraud are asserted to establish the § 1962(a) claim as the 1962(c) claim. Although plaintiff has alleged several predicate acts, each of these acts is directed toward the alleged scheme to defraud. Plaintiff has not, however, set forth a pattern of racketeering activity. In addition to his failure to assert a pattern of racketeering activity, the Complaint fails to allege facts showing how plaintiff was injured by defendant's use or investment of the alleged racketeering income. The second claim for relief must be dismissed.

### III.

We next turn to defendant's Motion Pursuant to 28 U.S.C. § 1927 and Rule 11 Fed.R.Civ.P. for Attorneys' Fees. While we have ruled in favor of defendant on the merits, we do not feel that the circumstances of this action warrant imposition of costs or attorneys' fees. Defendant's Motion is therefore DENIED.

### IV.

ACCORDINGLY, defendant's Motion To Dismiss for Failure to State A Claim is GRANTED. The Motion Pursuant to 28 U.S.C. § 1927 and Rule 11 Fed.R.Civ.P. for Attorneys' Fees is DENIED. Because the Court's decision is premised upon RICO, we need not resolve defendant's other grounds for dismissal. The case is DISMISSED.