KENNEDY, Justice.
The petitioners seek writs of mandamus directing the Greene County Circuit Court to sever certain claims from a fraud action filed in that court. Turpin Vise Insurance Agency, Inc. (“Turpin Vise”), a defendant as to claims by the plaintiff Tommy Johnson, seeks a writ °f mandamus ordering the circuit court to sever Johnson’s claims from those of f°ur other plaintiffs in this action. Foremost Insurance Company (“Foremost”) seeks a 'writ °f mandamus ordering the severance of the plaintiff Lewis McNeal’s claims from those alleged by the other plaintiffs:
The writ of mandamus is an extraordinary writ that applies “where a party seeks emer-' gency and immediate appellate review of an order that is otherwise interlocutory and not appealable.” Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, the petitioner must show: “(1) á clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction ‘ of the court.” Ex parte Bloodsaw, 648 So.2d 553 (Ala.1994).
In 1986, Turpin Vise, a Hale County business, sold Johnson a homeowner’s insurance policy issued by Foremost; the insurance policy insured a mobile home Johnson had purchased from Factory Home Center, Inc., a Marion County business. Johnson is a resident of Hale County, and he purchased the policy in Hale County. Johnson has sued Foremost, Turpin Vise, and Factory Home Center, alleging fraud in connection with the sale of the policy. Johnson’s claims center around allegations that he was sold a comprehensive policy providing broad coverage of adjacent structures, coverage for medical payments, and other features, without being asked whether he wanted or needed that kind of policy. Johnson also alleged that he was misled to believe that the policy would pay its face amount in the event of a total loss of the mobile home.
Johnson was joined-in.his action by four other purchasers of Foremost mobile home insurance policies who alleged that they had been defrauded through the actions of several other defendants in connection with the sale of their policies. Those plaintiffs were Lewis McNeal, Joe Jones, Carlton Hogue, and Queen Etta Grayson. The facts surrounding their claims can be summarized as follows:
*370 McNeal,-a resident of Greene County, purchased a new mobile home in 1985 from Piggy Bank Homes in Tuscaloosa, at the same time purchasing a Foremost insurance policy from Foremost Policy Services, which does business by agent in Greene County. McNeal alleged that he was sold a comprehensive policy providing coverage on adjacent structures, liability coverage, and medical payments coverage, without being asked whether he wanted that kind of policy; the policy provided more coverage, and cost more, than one not providing that kind of coverage.
In 1998, Jones, a resident of Dallas County, purchased a mobile home from Gordon Hallman, a Bibb County resident. He then purchased a Foremost insurance policy from Green Tree Agency, Inc., which does business by agent in Greene County. Jones also alleged that he had been sold a Foremost comprehensive policy providing coverage for adjacent structures and providing liability and medical payments coverage, without being asked whether he wanted that kind of policy.
In 1987, Hogue, a resident of Perry County, purchased both a mobile home and a Foremost insurance policy from Piggy Bank Homes. Hogue alleged the same claim — that he was sold a Foremost comprehensive policy without being asked whether he wanted that kind of policy.
In 1980, Grayson, a resident of Dallas County, purchased a new mobile home from Harlan’s Trailer Sales in Dallas County. In 1989, Grayson was sold a Foremost comprehensive policy by L.N. Fulmer, a Tuscaloosa County resident, without being asked whether she needed that kind of policy.
Johnson, McNeal, Jones, Hogue, and Gray-son all alleged that they had been damaged as a result of the defendants’ misrepresentations and that the defendants had engaged in a scheme to defraud them by selling them coverage they did not want or need. Each alleged that he or she was told that, in the event of a total loss, they would receive the face amount of the policy; they alleged that this was a false representation and that the defendants knowingly made that misrepresentation. They further alleged that, when they were sold the policies they did not have adjacent structures for which they needed coverage and that they were not told that there would be an additional cost for coverage of adjacent structures, liability coverage, coverage for medical payments, or coverage for damage to the property of others.
Turpin Vise moved for a change of venue and moved to sever Johnson’s claims from those of the other plaintiffs; the trial court denied its motions. In its mandamus petition, Turpin Vise first argues that the trial court erred in failing to sever Johnson’s claims, because, it argues, Johnson’s claims do not fall under the Rule 20, Ala.R.Civ.P.j provisions for permissive joinder. It further contends that Johnson is not an “indispensable, necessary or proper” party for whom joinder is required under Rule 19, Ala. R.Civ.P. In the alternative, Turpin Vise argues that Johnson’s claims should be transferred under our statutory doctrine of forum non conveniens. In its petition, Foremost also argues that the joinder in this case was improper and, in the alternative, that the claims should be transferred under the doctrine of forum non conveniens.
Rule 20, Ala.R.Civ.P., provides for the permissive joinder of parties. Rule 20(a) states:
.“All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action,”
The Committee Comments to Rule 20 state that that rule “is intended to promote trial convenience, prevent a multiplicity of suits, and expedite the final determination of litigation by inclusion in one suit of all parties directly interested in the controversy.” See *371 S.E.B. v. J.H.B., 605 So.2d 1230, 1282 (Ala.Civ.App.1992).
If the requirements for permissive joinder under Rule 20 are not satisfied and there are no grounds for compulsory joinder pursuant to Rule 19, Ala.R.Civ.P., then there can be no joinder of the parties in the action. This Court, in Ex parte Rudolph, 515 So.2d 704 (Ala.1987), stated:
“[Tjhere is no absolute rule for determining what constitutes ‘a series of transactions or occurrences.’ Generally, that is determined on a case by case basis and is left to the discretion of the trial judge.”
515 So.2d at 706. (Citations omitted.)
In exercising its discretion in deciding whether to sever claims, the trial court should consider the prejudice that may result to the parties if the claims are severed. Considerations of practicality, judicial economy, and the possibility of inconsistent results are also relevant in that regard. Rudolph, 515 So.2d at 707; see also Ex parte Jenkins, 510 So.2d 232 (Ala.1987). The Rudolph court noted that “[tjhough the rules allow virtually unlimited joinder of parties,” the Committee Comments to Rule 20 “make it clear that the trial court has ‘ample powers, under Rules 20(b), 21 and 42(b), to ensure that the trial is conducted in the most convenient and least prejudicial manner.’ ” 515 So.2d at 706.
As noted above, what constitutes “a series of transactions or occurrences” is determined on a case-by-case basis and that determination is left to the discretion of the trial judge. Under these circumstances, we cannot hold that the trial court abused its discretion in this case. Foremost issued the policy involved in every claim stated in this action, and it is a common defendant as to each of the plaintiffs in this action. The complaint alleges that all of the defendant sellers of the policies were acting as agents of Foremost. Each of the allegations in the complaint relates to the same claim — that the failure of the defendants to inform the plaintiffs that they were purchasing Foremost comprehensive mobile home insurance that would not pay the face value of the policy constituted fraud under Alabama law. Johnson and the other plaintiffs have alleged a conspiracy among Foremost and the other defendants regarding the sale of the Foremost insurance policies; that allegation will require not only individualized proof of fraud, but also proof of the conspiracy to defraud. We note that the face values of the Foremost policies are at issue as well. The representations claimed by each plaintiff are inseparably linked to the same kind of comprehensive insurance policy issued by Foremost. The circumstances of this case are thus distinguishable from those of Papagiannis v. Pontikis, 108 F.R.D. 177 (N.D.Ill.1985), upon which both Turpin Vines and Foremost strongly rely.[1]
There is certainly the possibility that inconsistent results could occur regarding Foremost’s liability if these claims were severed. Although, for purposes of their arguments, Turpin Vise and Foremost would like for the events leading to this action to be viewed as several distinct, unrelated events, it is clear that the similarities among the alleged misrepresentations found in the plaintiffs’ complaint, made by alleged agents of the same insurance company, far outweigh the differences between them. The misrepresentations are alleged to have been part of a conspiracy. The trial court here attempted “to ensure that the trial is conducted in the most convenient, and least prejudicial manner,” see Committee Comments to Rule 20, Ala.R.Civ.P., supra, and it- did not err in denying Turpin Vise’s motion to sever Johnson’s claims from those stated by the other plaintiffs, nor in denying Foremost’s severance motion. Contrary to Turpin Vise’s ar *372 gument, we do not foresee “tremendous mischief’ and “utter judicial chaos” resulting from the trial of these related claims before the same court. Because the joinder of the claims in this action was proper under Rule 20, Ala.R.Civ.P., we need not address whether it was required under Rule 19.
Venue was proper in Greene County, because, where several claims or parties have been joined, an action may be brought in any county in which any one of the claims could properly have been brought. Rule 82(c), Ala. R.Civ.P.; see also Committee Comments to Rule 82(c). (“[t]he correct principle seems to be that once venue is properly laid, other claims and parties may be joined as ancillary to the original action regardless of venue requirements”).
As noted above, Turpin Vise argues, in the alternative, that Johnson’s claims should be transferred to Hale County on the basis of the Alabama forum non conveniens statute, Ala.Code 1975, § 6-3-21.1. However, it has failed to show that this issue was raised before the trial court or that it was considered by the trial court. Therefore, we need not address this issue. See Ex parte AU Hotel, Ltd., 677 So.2d 1160 (Ala.1996). We would note, however, that Turpin Vise has clearly failed to demonstrate that Hale County would be significantly more convenient than Greene County for the trial of Johnson’s claims or that the interests of justice require a transfer of their claims. See Ex parte United Brotherhood of Carpenters, 688 So.2d 246 (Ala.1997); Ex parte Bloodsaw, supra; Ex parte Townsend, 589 So.2d 711 (Ala.1991). We also conclude that Foremost has failed to demonstrate that the plaintiffs’ claims should be transferred under the forum non conveniens statute. Ex parte United Brotherhood of Carpenters, supra; Ex parte Bloodsaw, supra; Ex parte Townsend, supra.
Turpin Vise and Foremost do not have a clear legal right to the relief they seek. Ex parte Bloodsaw, supra. For the foregoing reasons, their petitions for the writ of mandamus are hereby denied.
1960427 —WRIT DENIED.
1961243 —WRIT DENIED.
ALMON, SHORES, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX and HOUSTON, JJ., dissent.

. The Papagiannis court, in finding an improper joinder, noted that no linkage existed between the representations made to the plaintiffs. 108 F.R.D. at 178.’ It should be noted that there are numerous conflicting federal cases on the subject of permissive joinder under Fed.R.Civ.P. Rule 20(a). See Papagiannis, supra; Kenvin v. Newburger, Loeb & Co., 37 F.R.D. 473 (S.D.N.Y.1965); Nor-Tex Agencies, Inc. v. Jones, 482 F.2d 1093 (5th Cir.1973); Russo v. Bache Halsey Stuart Shields, Inc., 554 F.Supp. 613 (N.D.Ill.1982); Dougherty v. Mieczkowski, 661 F.Supp. 267 (D.Del.1987). Of course, Papagiannis and other federal cases interpreting federal procedural rules are persuasive, not binding, authority on this Court. First Baptist Church of Citronelle v. Citronelle-Mobile Gathering, Inc., 409 So.2d 727 (Ala.1981).