On Application for Reheating

PER CURIAM.
This court’s opinion of December 8, 2006, is withdrawn, and the following is substituted therefor.
Davis Plumbing Company, Inc., petitioned this court for a writ of mandamus directing the trial court to vacate its order granting William Burns’s motion for a declaratory judgment and to enter an order in Davis Plumbing’s favor. We conclude that the trial court’s order was a final judgment, treat the petition for a writ of mandamus as an appeal, and affirm the judgment of the trial court.
Burns sued his employer Davis Plumbing for workers’ compensation benefits, alleging that he had sustained an injury as a result of a work-related accident. Burns and Davis Plumbing subsequently entered into a settlement agreement, which the trial court approved by order on November 18, 2005. The settlement agreement stated that Davis Plumbing did not dispute that Burns was permanently and totally disabled and that Burns would receive certain compensation for his disability. The settlement agreement also stated that Burns’s medical and vocational benefits were to remain open in accordance with the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”).
On January 24, 2006, Burns filed a “motion for declaratory judgment” against Davis Plumbing. The motion asserted that Burns was using “Innoviant Pharmacy/Workers Comp RX” (“Innoviant Pharmacy”) to fill prescriptions for medicines relating to his workers’ compensation disability. The motion asserted that, since December 27, 2005, Davis Plumbing had refused to pay for the workers’-compensation-related medicines obtained by Burns through Innoviant Pharmacy. Burns’s motion further asserted that Davis Plumbing had not paid for the prescription medicines because Davis Plumbing wanted Burns to use a pharmacy other than Inno-viant Pharmacy. The motion sought an order determining Burns’s right to use the pharmacy of his choice and Davis Plumbing’s obligation to pay for Burns’s prescription medicines. Following a hearing, the trial court entered an order granting Burns’s motion for a declaratory judgment. Davis Plumbing filed a “motion to reconsider,” which the trial court denied.
Davis Plumbing, apparently treating the trial court’s order as an interlocutory order, filed a petition for a writ of mandamus with this court. See Ex parte Turpin Vise Ins. Agency, Inc., 705 So.2d 368, 369 (Ala.1997) (“The writ of mandamus is an extraordinary writ that applies ‘where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appeal-able.’ Rule 21(e)(4), Ala. R.App. P.”). However, because the trial court’s order conclusively determined the declaratory-judgment issue before the trial court and ascertained and declared the rights of Burns and Davis Plumbing, the trial court’s order was a final, appealable judgment. See George v. Sims, 888 So.2d 1224, 1226-27 (Ala.2004) (“ ‘A final judgment is an order “that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.” ’ ”). Davis Plumbing filed its petition for a writ of mandamus within the 42-day period allowed for filing a notice of appeal after the denial of Davis Plumbing’s postjudgment motion. See Rule 4(a)(1) and (3), Ala. R.App. P. Therefore, we elect to treat Davis Plumbing’s petition as an appeal. See, e.g., Ex parte W.H., Jr., 941 *97 So.2d 290 (Ala.Civ.App.2006); and Wix Corp. v. Davis, 945 So.2d 1040 (Ala.Civ.App.2005).
Davis Plumbing argues on appeal that the trial court erred by concluding that Burns has the right to use the pharmacy of his choice to obtain his workers’compensation-related prescription medicines. Because Davis Plumbing’s appeal presents a purely legal issue, our review of the trial court’s judgment is without a presumption of correctness. § 25-5-81(e), Ala.Code 1975. The Act does not specifically address who has the authority in a workers’ compensation case to select the pharmacy to be used by the employee receiving workers’ compensation benefits. In Ex parte Brookwood Medical Center, Inc., 895 So.2d 1000, 1003 (Ala.Civ.App.2004), this court noted that the employer exercises “considerable control” over the compensation process:
“ ‘Section 25-5-77(a), Ala.Code 1975, a portion of the Act, provides, among other things, that an employer of an injured worker shall timely pay for that worker’s “reasonably necessary medical and surgical treatment and attention, physical rehabilitation, medicine, [and] medical and surgical supplies ... as the result of an accident arising out of and in the course of the employment.” See also § 25-5-77(h). That duty to pay is accompanied under the Act by a corresponding power in the employer to exercise considerable control over the medical care for which it must pay, including the right to choose the employee’s physician in the first instance and the right to compel the injured employee to submit to an examination by that physician at all reasonable times. See § 25-5-77(a) and (b), Ala.Code 1975. Although the Act provides that the employee may advise the employer if he or she is dissatisfied with the physician designated by the .employer, the employee’s remedy in such a circumstance is to select another physician from a panel or list of available physicians (usually four) specified by the employer. See § 25-5-77(a), Ala. Code 1975.’ ”
(Quoting Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala.Civ.App.2003).)
Davis Plumbing argues that the “considerable control,” 895 So.2d at 1003, granted to the employer by the Act includes the employer’s authority to select which pharmacy the injured employee must use. Although the Act grants the employer a measure of control over the workers’ compensation process, the Act does not grant the employer the authority to select which pharmacy an employee receiving workers’ compensation benefits must use. Section 25-5-77(a), Ala.Code 1975, provides that “the employer ... shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary ... medicine ... as may be obtained by the injured employee.... ” Davis Plumbing does not dispute that Burns’s prescription medicines are reasonably necessary or that the cost of his prescription medicines is within the prevailing rate or maximum schedule of fees; Davis Plumbing only disputes where those prescription medicines are to be obtained.' The Act establishes the employer’s obligation to pay for the employee’s medicine prescribed by an authorized physician pursuant to the conditions stated in § 25-5-77(a). However, the Act contains no provision excusing the employer from its obligation pursuant to § 25-5-77(a) to pay for the employee’s prescription medicine merely because the employee uses a pharmacy that was not selected by the employer.
Davis Plumbing also argues that the following provision of § 25-5-77(b), Ala. *98 Code 1975, merits a reversal of the trial court’s judgment:
“If the injured employee refuses to comply with reasonable request for examination, or refuses to accept the medical service or physical rehabilitation, which the employer elects to furnish under this chapter, the employee’s right to compensation shall be suspended and no compensation shall be payable for the period of the refusal.... ”
Davis Plumbing notes that § 25-5-1(14), Ala.Code 1975, defines “medical” as “[a]ll services, treatment, or equipment provided by a provider” and that § 25-5-1(13), Ala.Code 1975, includes a “pharmacist” and a “pharmaceutical supply company” in its definition of “providers.” Therefore, Davis Plumbing argues, § 25-5-77(b) authorizes an employer to “elect” which pharmacy an injured employee must use. However, § 25-5-77(b) is inapplicable to the present case. The above-quoted provision of § 25-5-77(b) has no application if an authorized physician is providing treatment to the employee, as in the present case. See Sunnyland, Foods, Inc. v. Catrett, 395 So.2d 1005, 1008-09 (Ala.Civ.App.1980). “The purpose of [the above-quoted provision of § 25-5-77(b) ] is to prevent malingering by one drawing compensation or to determine if the claimed injury is real, reparable, or capable of being minimized.” Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628, 630 (Ala.Civ.App.1988). Moreover, § 25-5-77(b) “applies only to pending cases before final judgment of the circuit court, or after such judgment is procedurally reopened for alteration, amendment, or revision.” Cerrock Wire & Cable Co. v. Johnson, 533 So.2d 622, 625 (Ala.Civ.App.1988).
Davis Plumbing also contends that § 25-5-314, Ala.Code 1975, supports its argument that an employer has the authority to select the pharmacy to be used by an injured employee. Section 25-5-314, Ala.Code 1975, provides:
“Notwithstanding any other provisions of this article to the contrary, any employer, workers’ compensation insurance carrier, self-insured employer, or group fund, may contract with physicians, hospitals, and any other health care provider for the provision of medical services to injured workers at any rates, fees, or levels of reimbursement which shall be mutually agreed upon between the physician,' hospitals, and any other health care provider and the employer, workers’ compensation insurance carrier, self-insured employer, or group fund.”[1]
Davis Plumbing argues that it will lose its ability to negotiate with pharmacies for lower rates as contemplated by § 25-5-314 if Davis Plumbing is not permitted to select the pharmacy that Burns and other injured employees must use. As we have stated, Davis Plumbing is obligated, pursuant to § 25-5-77(a), to pay for Burns’s reasonably necessary prescription medicines, in an amount not to exceed the prevailing rate or maximum schedule of fees, regardless of where those medicines are obtained. We find nothing in § 25-5-314 that would relieve Davis Plumbing from its obligation to pay for Burns’s prescription medicines. Section 25-5-314 merely permits the employer to contract with providers for a rate lower than the prevailing rate.
Davis Plumbing essentially asks this court to construe the Aet to establish a right in favor of employers that is not *99 expressly granted in the Act. “An action brought under the Alabama Work[ers’] Compensation laws is purely statutory.” Slagle v. Reynolds Metals Co., 344 So.2d 1216, 1217 (Ala.1977). If the legislature had intended for an employer to have the authority to select the pharmacy to be used by an injured employee, the legislature could have granted that authority in the Act. See Ex parte Jackson, 614 So.2d 405, 407 (Ala.1993) (stating that the legislature knows how to draft a statute to reach a particular end and that “[t]he judiciary will not add that which the Legislature chose to omit”). We note that the legislature expressly granted employers certain rights regarding the selection of physicians and surgeons, see 25-5-77(a), Ala.Code 1975, but not pharmacies. Under the principle of expressio unis est exclusio alteri-us, “the expression of one thing implies an intent to exclude another not so expressed.” Ex parte Oswalt, 686 So.2d 368, 373 (Ala.1996). Moreover, the Act, “‘being remedial in nature, should be given liberal construction to accomplish the beneficent purposes, and all reasonable doubts must be resolved in favor of the employee.’ ” Ex parte Byrom, 895 So.2d 942, 946 (Ala.2004) (quoting Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968)).
 “It is of course well understood that the only authority which has the power to make State laws is the legislature. [Article III,] Section 44 [of the Alabama] Constitution [of 1901].” Personnel Bd. of Mobile County v. City of Mobile, 264 Ala. 56, 60-61, 84 So.2d 365, 369 (1956). “It is [this court’s] job to say what the law is, not to say what it should be.” DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998). Moreover, “[t]here is a presumption that the legislature did not intend to make any alteration in the law beyond what it declares either expressly or by unmistakable implication.” Beasley v. MacDonald Eng’g Co., 287 Ala. 189, 197, 249 So.2d 844, 851 (1971). The Act contains no provision granting an employer the right to select the pharmacy that an injured employee must use. The Act does, however, obligate an employer to pay for pharmacy expenses incurred by an injured employee in obtaining reasonably necessary prescription medicines. Accordingly, the trial court’s judgment declaring Burns’s right to use the pharmacy of his choice and Davis Plumbing’s obligation to pay for Burns’s pharmacy expenses is due to be affirmed.
Burns filed with this court a motion to strike an exhibit attached to Davis Plumbing’s reply brief. We deny Burns’s motion to strike as moot.
APPLICATION OVERRULED; OPINION OF DECEMBER 8, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
THOMAS, J.,* concurs.
PITTMAN, J., concurs specially.
THOMPSON, P.J., and BRYAN and MOORE,* JJ., concur in the result, with writings.

. The definition in the Act of "providers” includes pharmacists. § 25-5-1(13), Ala.Code 1975.