MURDOCK, Justice
(dissenting).
Section 30-8-5, Ala.Code 1975, makes reference simply to “the custodial parent”; it does not reference actions involving multiple claims by and against two custodial parents. That is, § 30-3-5 does not contemplate a case such as this, in which custody of two or more siblings has been bifurcated and in which claims and counterclaims regarding the continued custodial rights of both parents are part of a single action. Consequently, it is the application of § 30-3-5 to the present case that is the source of the venue issue presented, not the solution to that issue.
The correct “solution” to the venue issue that results from applying the last sentence of § 30-3-5 to a case involving two “custodial parents” is the same as the “solution” to any action involving multiple claims or counterclaims. “When the venue of an action is appropriate as to one claim or party, it is appropriate as to other claims or parties in the same action. See Rule 82(c), Ala. R. Civ. P. (“Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought.”).[2]
*643 The mother is the “master” of her complaint. Venue for the mother’s action to modify the prior custody judgment of the Tuscaloosa Circuit Court is proper in that court, and venue for all other claims in her action is proper in that court as well.
The main opinion contains no discussion per se of the issue of severance, yet severance of the mother’s and the father’s respective claims is a necessary result of the Court’s holding today. The trial court expressly ruled, however, and gave reasons for so ruling, that the various claims and issues presented should not be severed into separate actions. See Appendix F to the father’s petition (trial court’s order) (“[T]he case would have to be bifurcated with the claims related to the son being heard in Pickens County and the claims related to the daughters being heard in Tuscaloosa County. Bifurcation could result in, among other things, the possibility of overlapping issues, inconsistent results and the waste of judicial resources and the parties’ resources.”). Before applying the last sentence of § 30-3-5 in the manner prescribed in the main opinion, we first would be required to conclude that the trial court exceeded its discretion and erred as a matter of law in refusing to order a severance of the various claims presented in this proceeding. See Ex parte Turpin Vise Ins. Agency, Inc., 705 So.2d 368, 371 (Ala.1997) (“In exercising its discretion [as to severance], the trial court should consider the prejudice that may result to the parties if the claims are severed,” as well as “practicality, judicial economy, and the possibility of inconsistent results.” (emphasis added)). I do not believe we can do that in this case.
If we are not able to find error as a matter of law under normal severance standards, then the only alternative premise upon which we could proceed would be that the statute itself somehow gives the father an absolute right to severance in a bifurcated custody case. No such right is expressed in the statute. Nowhere in § 30-3-5 is there any mention of the concept of severance. The statute speaks only to the appropriate venue for a given “proceeding” or “action.”

. I acknowledge that § 30-3-5 opens with the clause "[n]otwithstanding any law to the contrary.” Logically, however, this clause can be a reference only to "law” outside the statute in which it appears. Normally, one could understand this clause to mean that whatever venue rule follows in the statute will supersede “law” outside the statute, for example Rule 82(c). The obvious problem with attempting to apply such an understanding in the present case is that the venue conflict we are here trying to resolve is itself entirely a function of the sentences in § 30-3-5 that follow this opening clause. The clause "[n]ot-withstanding any law to the contrary” that *643 opens this statutory section logically cannot resolve the venue conflict created in subsequent portions of the same statute. Thus, Rule 82(c) remains standing as a perfectly well suited device for resolution of the venue conflict now before us.
Looked at from another perspective, the reference to "[n]otwithstanding any law to the contrary” should be understood as referring to venue provisions such as those in § 6-3-7, Ala.Code 1975, that substantively and directly conflict with this statute.